LE BLANC, Justice.
Writs were granted in this case to review the judgment of the Court of Appeal for the Parish of Orleans. The complaint of the applicant, Ernest Guillory, is predicated on the alleged erroneous ruling of the Court of Appeal in condemning him, in solido, in a monied judgment with another of the defendants in the case, when,there had been no appeal taken from that part of the judgment which had maintained an exception of no right or cause of action filed on his behalf and dismissed the plain-tiff’s suit as to him.
Briefly stated, the situation presented' is this:
The plaintiff filed this suit which is an action in tort against six defendants including the relator herein and his wife, Mrs. Shirley Guillory. Mrs. Guillory was. charged with negligence in driving and operating one of the automobiles involved in an accident which allegedly resulted in causing the damages the plaintiff sought to obtain. Beyond referring to Mrs. Shirley Guillory in the paragraph naming the defendants as the wife of Ernest Guillory, the petition is devoid of mention of the ownership of the automobile and of the capacity in which Mrs. Guillory was using it on the occasion of the accident in which-it was involved. The lack of any allegations to that effect formed the basis of the exception of no right or cause of action which was sustained and brought about-the dismissal of the suit as against-relator.
*349 After trial on the merits judgment was rendered in favor of the ■ plaintiff and against Mrs. Shirley Guillory in the amount sued for and the suit was dismissed as to the other defendants. The decree sustaining the exception and dismissing the suit as to the relator was incorporated in the judgment. The plaintiff and the defendant, Mrs. Shirley Guillory, each moved for and were granted separate orders of appeal to the Court of Appeal for the Parish of Orleans. In due time the case was submitted to that Court with the result that the judgment, insofar as it had-dismissed plaintiff’s suit as against Ernest Guillory, was reversed and he was condemned, in solido, with Mrs. Shirley Guillory. That, as has already been stated, is the matter complained of and now under review under the writs that were granted.
We are of the opinion that the complaint of the relator is well founded. In the opinion handed down by the Court of Appeal it is stated that Earl Howard, the plaintiff, appealed “from the judgment, insofar as it dismissed his suit against Ernest Guillory and against Toye Bros. Yellow' Cab Company and the individual members thereof, * * [70 So".2d 468.] " (Emphasis supplied.) A’ reading of plaintiff’s motion for a devolutive appeal discloses however that he appealed from the judgment only insofar as it was “in favor of plaintiff (himself) and the following defendants: Toye Bros. Yellow'Cab Company, George Toye, Frank. Toye; Joseph Toye; Paul Toye and Jesse Carcin; * .* The order of appeal was granted in accordance with the motion. The motion for a devolutive appeal by the defendant, Mrs. Shirley Guillory, was from the judgment rendered “in favor of plaintiff” and the order was granted accordingly. There was no appeal therefore from- that part of the judgment which had dismissed the plaintiff’s suit as .against the relator herein, Ernest Guillory; and the Court of Appeal.was in error in reviewing that part of it. In the case of Stansel v. Roberts, 35 La.Ann. 885, it was held that the appellate court will not review a judgment dismissing part of the demand on an exception when the appeal is taken merely from the judgment rendered on the merits. . The rule is applicable here to the defendant Ernest Guillory who was dismissed from the suit..on an. exception and no appeal taken as to that part of.Jjhp judgment. . . • ■ ,)
For the reasons stated it is ordered that the preliminary writs' herein granted be now made peremptory and that - the judgment of the Court of Appeal for the Parish of Orleans, insofar as it condemned the defendant Ernest Guillory solidarily with the defendant Mrs. Shirley’ Guillory, be and it is hereby reversed and annulled, costs hereof to be borne by the defendant in writ.