CHEHARDY, Judge.
Plaintiff, Melba Campbell Adams, filed suit against her husband, Dolvis Eric Adams, for separation from bed and board under C.C. art. 138(5), namely, abandonment without just cause. Defendant denied plaintiff’s allegations and reconvened for a separation asserting he left the matrimonial domicile with just cause in that his wife was guilty of cruel treatment. C.C. art. 138(3). From a judgment granting Mrs. Adams a separation on a finding that her husband abandoned her, which further held that plaintiff herself was not without fault, she has appealed.
The effect of the judgment is to deprive her of permanent alimony authorized by C.C. art. 160 in that the spouse seeking post-divorce alimony must establish freedom from fault.
Under C.C. art. 141 it is permissible to grant a judgment of separation to one spouse and find that the mutual fault of both led to the dissolution of the marriage. However, when the ground for separation is abandonment, it is inconsistent to adjudicate the abandoned spouse at fault because C.C. art. 143 specifies abandonment only takes place when a spouse leaves without lawful cause. That article provides:
“Separation grounded on abandonment by one of the parties can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made to appear in the manner hereafter directed; provided, however, that separation grounded on abandonment may be the object of a reconventional demand in any suit for separation from bed and board.”
This court adopted the same reasoning in Dixon v. Dixon, 357 So.2d 856 (1978).
Appellant points out the conflict in the result reached by the trial court and argues from it that we must logically reverse the finding by the court that the wife was not without fault.
We disagree. Having found mutual fault or having concluded the wife must share softie of the responsibility for her husband’s abandonment, we conclude rather that it is questionable whether the wife was entitled to the judgment of separation on the merits. However the propriety of granting a separation on abandonment is not before us. The wife’s appeal is limited to the finding by the trial court that she is not without fault. Because neither litigant appealed the judgment of separation within 30 days after the time for applying for a new trial elapsed, that judgment is now final (C.C.P. arts. 1974 and 3942). Appellant herself has limited the scope of the appeal to the finding that she was at fault. Thus the only question posed for our consideration is whether the record supports the trial court’s factual conclusion that Mrs. Adams shares responsibility for the dissolution of this marriage.
Defendant admittedly left the common dwelling. He claimed he was justified because his wife was jealous for no reason and accused him of numerous illicit relationships with other women. He testified he was never unfaithful to his wife but nonetheless his wife constantly checked up on him. Defendant and two co-workers testified that two or three times every week Mrs. Adams passed up and down the highway next to defendant’s place of employment at the lunch hour to check up on him. Mrs. Adams admits doing this on occasion and stated she became suspicious when her husband was 15 minutes late coming home in the afternoon. Mrs. Adams offered little evidence to support her accusation. We find *739 no reversible error in the trial court’s conclusion that Mrs. Adams was at fault. Her harassment of defendant for unwarranted jealous suspicions of infidelity is sufficient ground to find her at fault within the contemplation of C.C. art. 141. See Watson v. Watson, 372 So.2d 639 (La.App. 1st Cir. 1979).
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.