389 So.2d 381 (1980)
Melba Campbell ADAMS
v.
Dolvis Eric ADAMS.
No. 67327.
Supreme Court of Louisiana.
October 6, 1980.
George O'Dowd, O'Dowd & O'Dowd, New Orleans, for plaintiff-applicant.
John W. Robinson, Gretna, for defendant-respondent.
BLANCHE, Justice.
This case involves a challenge to the correctness of the trial court's ruling, affirmed by the appellate court, La.App. 380 So.2d 737, that plaintiff/wife was "not without fault" in action for separation, thereby precluding her from any alimony after final divorce should one be granted later. We reverse.
Plaintiff, Melba Campbell Adams, sued Dolvis Adams for a separation based upon the ground of abandonment. Defendant/husband reconvened on the ground of cruelty and, while admitting that he left the matrimonial domicile, he alleged that he *382 had just cause to leave because of his wife's jealousy. Defendant claims that his wife had accused him of numerous illicit relationships with other women, and would pass up and down the highway next to his place of employment two or three times each week to check on him. Mrs. Adams did admit passing by her husband's place of employment to check on him, but also explained that it was on the way to her daughter's house, who lived only a few blocks away. She further admitted that, while at home one day, she overheard her husband talking on the phone and, when she walked into the room, he hung up. At that time, she told him that she was checking on him.
Upon conclusion of the testimony, the trial judge stated that the husband was not completely justified in abandoning his wife, but that the wife was not entirely blameless, evidently because of the foregoing evidence and, thus, granted the separation on the ground of "multiple fault", which we interpret to mean "mutual fault".
The judgment which was signed granted the separation in favor of Mrs. Adams upon the ground of abandonment, but added "[T]his court further finds that Melba C. Adams was `not without fault' in the separation." Although there is an apparent discrepancy between a holding that Mr. Adams abandoned Mrs. Adams without lawful cause, while also stating that Mrs. Adams was herself at fault,[1] the only part of the judgment appealed was the finding that Mrs. Adams was not without fault. Since the judgment of separation based upon abandonment is final, we are precluded from disturbing it at this time. See Howard v. Toye Bros. Yellow Cab Co., 226 La. 346, 76 So.2d 391 (La.1955); Standard Oil Co. of New Jersey v. Edwards, 32 So.2d 102 (La.App., 4th Cir. 1947).
Plaintiff argues that because the separation judgment grounded upon abandonment in plaintiff's favor by definition means that plaintiff was without fault, this Court must defer to the final portion of the judgment and conclude that plaintiff was without fault. However, the better approach, where such an inconsistency is present, is to examine whether the record supports the finding at issue without regard to other findings not before the Court. Dixon v. Dixon, 357 So.2d 856 (La.App., 4th Cir. 1978); Watson v. Watson, 372 So.2d 639 (La.App., 4th Cir. 1978). Thus, we only consider whether the lower courts erred in determining that plaintiff was at fault in causing the separation.
Civil Code art. 141 requires a court to grant a separation where both spouses are mutually at fault in causing the separation. The result of such a separation is that neither party can claim alimony, C.C. art. 141. The appellate courts of this state have correctly interpreted the word "fault" to mean conduct constituting an independent fault ground for separation under C.C. art. 138.[2]Dixon v. Dixon, supra; Saucier v. Saucier, 357 So.2d 1378 (La.App., 4th Cir. 1978); Brocato v. Brocato, 369 So.2d 1083 (La.App., 1st Cir. 1979), writ denied, 371 So.2d 1341 (La.1979); Watson v. Watson, supra.
Civil Code art. 160, dealing with alimony after a final divorce, requires freedom from fault on the part of the claimant spouse as one prerequisite to an award of alimony. In interpreting this requirement, this Court stated in Pearce v. Pearce, 348 So.2d 75, 77 (La.1977):
"We have held that, under this statute respecting an award of alimony to a wife without `fault', the word `fault' contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities.

*383 A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959); Davieson v. Trapp, 223 La. 776, 66 So.2d 804 (1953); Breffeilh v. Breffeilh, 221 La. 843, 60 So.2d 457 (1952); Adler v. Adler, 239 So.2d 494 (La. App. 4th Cir. 1970). To constitute fault, a wife's misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958).
Although not specifically mentioning C.C. art. 138(1)-(8),[3] or C.C. art. 139 by name, this language clearly indicates that only such conduct as will entitle one spouse to a separation or divorce under these articles is sufficient to deprive the other spouse of alimony after a final divorce.
Having determined that "fault" for purposes of permanent alimony preclusion is synonymous with the fault grounds for separation and divorce, it need only be decided whether plaintiff's actions would have been sufficient to allow defendant to obtain a judgment against plaintiff under C.C. art. 138. We conclude that they were not.
Defendant's claim in reconvention was that plaintiff was guilty of cruel treatment toward defendant. The Civil Code provides that a separation on the ground of cruelty may be granted only when it is "of such a nature as to render their living together insupportable", C.C. art. 138(3). We find that mere accusations by plaintiff of an illicit affair between defendant and another woman, and unintrusive rides by plaintiff past defendant's work place, did not constitute acts of such a severe nature as to allow the rendition of a judgment of separation against plaintiff. See Barron v. Barron, 279 So.2d 208 (La.App., 2d Cir. 1973).
Other evidence shows that the conduct on the part of the wife did not take on such quality as to render their further living together insupportable until the defendant's 17 year old daughter left the matrimonial domicile. The evidence relative to this issue revealed that the plaintiff had reared the defendant's daughter in her home since the mother's death. At that time, the child was 11 years old and, evidently, as she grew older, difficulties arose between stepmother and defendant's daughter. Finally, the daughter moved out of the matrimonial domicile to live with an aunt, at which time she was 17 years of age. Within two or three weeks thereafter, the defendant followed suit and moved to his brother's house.
In conclusion, we find the evidence unconvincing and far short of proving by a preponderance theory that defendant left the matrimonial domicile because of his wife's accusations of mistrust.
For the reasons assigned, the judgment of the court of appeal affirming the trial court's determination of fault on the part of Mrs. Adams is reversed.
REVERSED.
DIXON, C. J., concurs with reasons.
MARCUS, J., concurs and assigns reasons.
LEMMON, J., concurs for the reasons assigned by DIXON, C. J.
DIXON, Chief Justice (concurring).
I respectfully concur, being of the opinion that "fault" which forfeits alimony need not be conduct serious enough to furnish grounds for a separation suit by the husband. If the wife's misconduct is of such a serious nature that it substantially caused or contributed to the breakdown of the marriage, she should not be considered without fault in her claim for alimony.
MARCUS, Justice (concurring).
In my view, to constitute fault to preclude alimony after divorce, a wife's misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation. Such was not the case here. Accordingly, I respectfully concur.
NOTES
[1] La.C.C. art. 143; Callahan v. Callais, 224 La. 901, 71 So.2d 320 (La.1954); Maynor v. Maynor, 234 So.2d 426 (La.App., 1st Cir. 1970); Laurent v. Laurent, 347 So.2d 312 (La.App., 4th Cir. 1977).
[2] It is important to note that a separation based upon a husband and wife living separate and apart for one year, voluntarily and without reconciliation, C.C. art. 138(9), is not based upon the fault of either party. Further, we need not decide at this time whether "irreconcilable differences" constitute fault for purposes of alimony preclusion.
[3] See Footnote 2, above.