GARRISON, Judge.
This is an appeal from a judgment of legal separation granted in favor of the wife but which stated that “both spouses are mutually at fault”. From that judgment the wife appealed, seeking to be declared free from fault. The husband has neither appealed nor answered his wife’s appeal.
Plaintiff and defendant were married on November 15, 1964, in St. Bernard Parish, where they resided together until December 11, 1976. On that day, Mrs. Favalora moved out of the matrimonial domicile. On December 28,1977, she filed suit for separation, alleging that her husband was guilty of excessive and cruel treatment, that on December 7, 1976, he had ordered her to leave the house, threatening to throw her out and that they had been living separate and apart for more than a year.
On January 12, 1978, Mr. Favalora reconvened, alleging that his wife had abandoned him without lawful cause. After a trial on the merits, judgment was rendered in favor of Mrs. Favalora. The judgment also found “both spouses are mutually at fault in causing the separation” and contained the language “in accordance with the provisions of Art. 141 of the the Louisiana Civil Code as amended by Act 495 of 1976”. Article 141 was added by Acts 1976, No. 495 § 1 and reads as follows:
“A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. In such instances, alimony pendente lite may be allowed but permanent alimony shall not be allowed thereafter following divorce.”
In the recent case of Adams v. Adams, 389 So.2d 381, 1980, the Louisiana Supreme Court approved this Court’s prior conclusion that in order for a judgment of mutual fault to be granted, the husband must have committed acts which would be grounds for *967 a fault-based separation in favor of the wife and the wife must have committed acts which would be grounds for a fault-based separation in favor of the husband:
“Civil Code art. 141 requires a court to grant a separation where both spouses are mutually at fault in causing the separation. The result of such a separation is that neither party can claim alimony, C.C. art. 141. The appellate courts of this state have correctly interpreted the word ‘fault’ to mean conduct constituting án independent fault ground for separation under C.C. art. 138. Dixon v. Dixon [357 So.2d 856 (4th Circuit, 1978)]; Saucier v. Saucier, 357 So.2d 1378 (4th Circuit, 1978); Brocato v. Brocato, 369 So.2d 1083 (1st Circuit, 1979), writ denied, 371 So.2d 1341 (La., 1979); Watson v. Watson [372 So.2d 639 (4th Circuit, 1978)]. (at page 382)”.
In the instant appeal, Mrs. Favalora alleged two fault-based grounds, excessive and cruel treatment and constructive abandonment, and one no fault ground-living separate and apart for more than one year. Mr. Favalora, alleged only one ground, abandonment-which is a fault-based ground. The conflict in the instant appeal is that the fault-based grounds alleged are defenses to each other. For example, if the trial judge found that Mr. Favalora was guilty of excessive and cruel treatment and/or that he had ordered her from the house, then a judgment of separation could not be granted in favor of Mr. Favalora on grounds of abandonment, because his actions would provide lawful cause for Mrs. Favalora to have left the domicile. Likewise, if the trial judge found that Mr. Fava-lora was not guilty of cruel treatment and/or ordering his wife to leave, then a judgment of separation could not be granted in favor of the wife on grounds of abandonment, because she would have abandoned the domicile without lawful cause. Unfortunately, no written or oral reasons for judgment were provided.
Only two witnesses were presented at trial, Mr. and Mrs. Favalora. While much of their testimony is directly contradictory on several fault-based areas, our independent reading of the record indicates that the parties are merely mutually incompatible. In Dixon v. Dixon, above, this court stated:
“... if the evidence in a suit for separation does not establish “fault” on the part of each party but merely shows mutual incompatibility, then there is no codal authority for rendition of a judgment of separation, and the parties must either assert new grounds or wait for the required period of living separate and apart.” (At 858).
In the instant appeal, Mrs. Favalora alleged and proved that the parties had been “voluntarily living separate and apart for one year without reconciliation.
For the foregoing reasons, the judgment of the district court i is reversed and we render judgment as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment here in favor of Pamela Ann Stoll, wife of Joseph Thomas Favalora, and against Joseph Thomas Favalora, decreeing a separation a mensa et thoro between the parties on the grounds of voluntarily living separate and apart without reconciliation for a period of one year.

REVERSED AND RENDERED.