398 So.2d 1162 (1981)
Ralph Clifford MILLER, Jr., Plaintiff-Appellee,
v.
Susan Eileen Turner MILLER, Defendant-Appellant.
No. 14521.
Court of Appeal of Louisiana, Second Circuit.
April 27, 1981.
*1163 Whitmeyer & Glassell by Claudius E. Whitmeyer, Shreveport, for defendant-appellant.
Sockrider & Bolin by H. F. Sockrider, Shreveport, for plaintiff-appellee.
Before PRICE, MARVIN and JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
Appellant, Susan T. Miller, appeals a judgment finding her and her husband, appellee, Ralph Miller, Jr., mutually at fault in causing their separation. We affirm.
Appellee sued appellant for a separation from bed and board on the ground of constructive abandonment. Appellant reconvened on the ground of cruel treatment.
The trial judge, although he did not give written reasons, found the parties to be mutually at fault and found that appellant's fault was not legally excused by or did not result from her illness.
Appellee and appellant were married in 1973. On Feb. 12, 1980, appellant placed her husband's clothes in a suitcase and carried it to his mother's house. She left him a note telling him that she was putting him out. Later that day appellee, his mother, and a neighbor returned to appellee's house and asked appellant to let him in, but she refused.
Because appellee did not appeal the adjudication that he was at fault, we are not required to consider the issue of his fault.
Appellant contends the trial court's decision finding her to also be at fault is wrong for the following reasons:
1. That she was guilty of no fault that caused the separation;
2. That any fault was excused by the theory of condonation;
3. That any conduct attributable to her that could be construed as fault is excused by her mental or emotional condition and cannot be considered as a grounds for separation; and
4. That the husband failed to establish a real effort to re-enter the matrimonial domicile.
A separation shall be granted even though the husband and the wife are each guilty of fault. LSA-C.C. art. 141[1]. The fault required to form the basis of a mutual fault separation is conduct constituting an independent ground for separation under LSA-C.C. art. 138. Adams v. Adams, 389 So.2d 381 (La.1980). The spouses need not be guilty of equal fault so long as each of them is found to have committed acts which constitute Article 138 grounds for a separation. Post v. Post, 376 So.2d 1275 (La.App. 2d Cir. 1979). The fault must be an independent contributory cause of the separation. Saucier v. Saucier, 357 So.2d 1378 (La.App. 4th Cir. 1978); Douglas v. Douglas, 385 So.2d 402 (La.App. 1st Cir. 1980); Brocato v. Brocato, 369 So.2d 1083 (La.App. 1st Cir. 1979); Watson v. Watson, 372 So.2d 639 (La.App. 1st Cir. 1979).
Beginning shortly after the marriage and continuing until the parties separated on Feb. 12, 1980, the wife had been guilty of mistreating her husband by committing many acts which could have been construed as making their living together insupportable within the contemplation of Pgf. 3 of Civil Code Art. 138[2]. She cursed her husband *1164 from time to time, she often pouted at him without justification, she refused to engage in sexual relations with her husband, and when appellant became angry or displeased with her husband, she would remove herself from the common bed and move into a separate bedroom where she would sleep separate and apart from her husband for several weeks at a time. Evidence establishes that a few months before the actual separation the wife told her husband that she had no desire to have sex with him, and her husband testified that following this disclosure by his wife he no longer had the desire to engage in sexual relations with his wife and he did not thereafter actively seek her participation in this relationship.
About 2½ years before the parties separated the wife developed an illness described by her psychologist as "situational adjustment reaction to adult life." He described her symptoms as "generally depression, acute anxiety, and severe cases there is hyperventilation with cold sweats, shaking, increased pulse rate, increased blood pressure and in some severe cases passing out." The psychologist testified that he had treated appellant for about 18 months and she was much improved.
On the night of December 9, 1979, appellant became ill and commenced shaking, crying and fell onto the floor, and though her husband attempted to calm her down, get her to relax, which was recommended by the psychologist, he was unsuccessful. They then became involved in an argument during which the husband told appellant that her illness was a condition of her mind and that she should be institutionalized for mental treatment. During the argument appellant called her husband a SOB and stated she no longer wanted to live with him, and she moved out of their bedroom into a separate bedroom.
Appellant attempted to return to her husband's bed on the night of Feb. 11, 1980 and reconcile with him, and he refused her efforts to reconcile. On Feb. 12, 1980, while the husband was at work, the wife packed his clothes in a suitcase and carried them to his mother's house. She left a note attached to the suitcase which read:
 "Feb. 12, 1980
Ralph C. Miller, Jr.
I have done everything that I possibly can to try and keep our marriage together. I told you that I did not want a divorce and on several occasions ask if we could reconcile our differences. You refused me each time. After last night I knew that I could no longer keep this up so, therefore, I am putting you out.
 Susan."
Appellant installed a deadbolt lock on the back door on the same day that she carried her husband's clothes to his mother's home. Appellee's mother called him at work and advised him of his wife's actions. When appellee found out that his wife had put him out, he went to his home and attempted to get in, but his wife had locked the door and refused to permit him to enter. Appellee then instituted this suit for separation based upon his wife's constructive abandonment.
Appellant answered appellee's petition admitting that she put her husband out of the matrimonial domicile for the reason that it was apparent her husband did not want anything to do with her, and that she had exhausted her efforts to reconcile with him. She reconvened for a separation alleging that her husband had subjected her to cruel treatment. Included among her allegations of cruelty were the following:
1. that he had been hateful to her for months;
2. that her husband had forced her to move out of the bedroom on Dec. 9, 1979;
3. that he refused to let her return to "their bedroom"; and
*1165 4. that commencing in the month of October he refused to have anything to do with her sexually and had generally refused to communicate with her since they commenced sleeping in separate bedrooms on Dec. 9, 1979.
Appellant's practice of cursing her husband, pouting, sleeping in a separate bedroom, telling him she had no desire to engage in sexual relations with him, establishes provocation on the part of appellant for appellee's refusal to reconcile with her and permit her to return to the matrimonial bed on the night of Feb. 11. Under these circumstances the wife can hardly be justified in putting her husband's clothes out of the family home, locking the door with a deadbolt, and refusing to permit him to enter the family home. The wife attempts to excuse her conduct by contending that it was induced by her illness.[3] Her psychologist testified she was unable to function as a wife because of her illness and that her conduct which tended to disrupt the marriage was attributable to her illness.
The evidence establishes that the pattern of the wife's conduct of cursing her husband, pouting, sleeping in a bedroom apart from her husband (a circumstance created by appellant which necessarily grossly impaired opportunity for communication and sexual relations between the spouses), and denying him sexual relations, all commenced long before the wife became ill, which clearly establishes that the wife is not entitled to justify her actions which provoked the husband's refusal to reconcile with her based upon a contention that her illness caused her to act that way.
Appellee did not sue his wife for a separation based upon any allegations of cruelty as outlined by us above, and for this reason appellant objected to the husband's evidence which established the wife's misconduct. The appellant is not entitled to use cruel treatment which she provoked as a grounds for a separation. Krauss v. Krauss, 163 La. 218, 111 So. 683 (1927); Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir. 1976). We find the evidence was admissible for the purpose of explaining the husband's refusal to let his wife return to the matrimonial bed and his refusal to reconcile with her.
Appellant further objects to the husband's proof of the wife's earlier faults during the time frame far removed from the circumstances which brought about the separation. We find the evidence that appellant's improper conduct towards her husband commenced before her illness was admissible for the purpose of establishing that the illness was not the cause of the wife's mistreatment of her husband because of the fact that she had mistreated him in similar fashion long before she became ill.
The wife admitted that she had put her husband out and installed a deadbolt lock on the only door to which he had a key, but contends that her conduct was justified because of her husband's cruel treatment, and she also obliquely contends that her action was excused because of her illness.
The psychologist testified the real underlying cause of the wife's illness was her fear of being abandoned and of losing the support of the people upon whom she was dependent. Appellant's action of purposely putting her husband out and locking him out of the house appears to be inconsistent with the cause of her illness.
It is apparent that the trial judge did not believe the appellant's illness caused her to put her husband out of the house because he did not excuse her action as being induced by her illness. We conclude the trial judge was justified in reaching this conclusion because the husband had so completely established that the other mistreatment he had received from his wife, which the psychologist said was brought about by her illness, had in fact been a pattern of appellant's conduct for many years before she became ill.
*1166 Appellant contends that any mistreatment in the form of denying her husband sexual relations, or of her cursing her husband, or pouting, have all been condoned because the husband has continued to live with her throughout this mistreatment.
As we have earlier pointed out, the husband did not rely in this suit for a separation upon any mistreatment that he had received at the hands of his wife, other than her putting him out of the house, and he did not live with her following her actions in this respect. For this reason the wife's contention that he had condoned her actions is without merit.
Appellant contends the husband made no real effort to return to the matrimonial domicile and therefore he does not have a cause of action based upon constructive abandonment. The answer to this contention is that appellee did return to his home after his wife put his clothes out and asked her to open the door and let him come in and she refused to do so.
We recognize that a cause of action based upon abandonment normally requires that the party being abandoned be free of fault, and that the trial court's finding, which was fully supported by the record, that the husband was guilty of fault, is inconsistent with a determination that the wife is guilty of fault by constructive abandonment of her husband.
While the wife's conduct of putting her husband out of the home could be construed as constructive abandonment, as it was alleged to be by appellee in his petition, it is also cruelty. The taking of her husband's clothes from his home and the locking him out of the house falls within the cruel treatment provisions of LSA-C.C. art. 138 for the reason that it is clearly designed "to render their living together insupportable." See Burnett v. Burnett, 349 So.2d 490 (La.App. 3d Cir. 1977).
In our decision of Guin v. Guin, 378 So.2d 1022 (La.App. 2d Cir. 1979), this court awarded a separation on the grounds that the parties had been living separate and apart for one year even though neither party had sought a separation on this basis. The court there recognized that we have a system of fact pleading and that a party is not required to plead the theory of his case. The court there stated:
"So long as the facts constituting the claim or defense are alleged or proved, the party may be granted any relief to which he is entitled under the evidence. Articles 862, 1154, and 2164. Cox v. W. M. Heroman, 298 So.2d 848 (La.1974)." Id. at 1024.
While the trial judge did not favor us with reasons for his determination that appellant was guilty of independent fault which could have provided a ground for a separation, we conclude that on the facts alleged in the husband's petition and proved by the evidence, that the wife was guilty of cruel treatment by putting her husband out of the house. Her conduct substantially contributed to the circumstances which she contends warranted her action of putting the husband out of the family home.
There is substantial evidence to support the trial judge's determination that appellant and her husband were mutually at fault within the provisions of LSA-C.C. art. 141. There is no manifest error.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 141A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. In such instances, alimony pendente lite may be allowed but permanent alimony shall not be allowed thereafter following divorce.
[2] LSA-C.C. art. 138"Separation from bed and board may be claimed reciprocally for the following causes:

.....
3. On account of habitual intemperance of one of the married persons, or excesses, cruel treatment, or outrages of one of them toward the other, if such habitual intemperance, or such ill-treatment is of such a nature as to render their living together insupportable;
....."
[3] She relies upon the cases of Gipson v. Gipson, 379 So.2d 1171 (La.App. 2d Cir. 1980); Bettencourt v. Bettencourt, 381 So.2d 538 (La. App. 4th Cir. 1980); and Courville v. Courville, 363 So.2d 954 (La.App. 3d Cir. 1978), where the wife's mistreatment of the husband was excused because it was induced by her illness.