413 So.2d 297 (1982)
Myrtis HARRINGTON, Plaintiff-Appellant,
v.
Elson CAMPBELL, Defendant-Appellee.
No. 8690.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1982.
*298 Irby Hebert, Jr., Abbeville, for plaintiff-appellant.
Carrol L. Spell, Jr., Lafayette, for defendant-appellee.
Before GUIDRY, CUTRER, STOKER, JJ.
STOKER, Judge.
Plaintiff-appellant, Myrtis Harrington, filed suit on September 18, 1980, in the Fifteenth Judicial District Court for separation from her husband, defendant-appellee Elson Campbell. The trial court found that the parties were mutually at fault in causing the separation and granted a separation based on LSA-C.C. art. 141.[1] The court also awarded alimony pendente lite to plaintiff of $150.00 per month until October 10, 1981. Plaintiff appeals this ruling. Defendant does not answer the appeal but seeks to have the trial court's judgment affirmed.
Plaintiff alleges that the trial court committed eight errors which can be summarized in two basic complaints: (1) that the trial court erred in finding that plaintiff was guilty of fault which contributed to the breakup of the marriage; and (2) that the trial court erred in awarding to plaintiff an "abusively low" award of alimony pendente lite and in fixing a termination date of the award. Plaintiff's specifications of error relative to these two areas of complaint will be discussed below.

*299 WAS PLAINTIFF "AT FAULT" IN HER SEPARATION?
LSA-C.C. art. 141 allows the granting of a separation from bed and board even though "both spouses are mutually at fault in causing the separation". See footnote 1. The fault of each party must constitute an independent ground for separation under LSA-C.C. art. 138[2] to support a separation on the basis of mutual fault. Adams v. Adams, 389 So.2d 381 (La.1980); Miller v. Miller, 398 So.2d 1162 (La.App. 2nd Cir. 1981) and Brocato v. Brocato, 369 So.2d 1083 (La.App. 1st Cir. 1979), writ denied, 371 So.2d 1341. The mutual fault of the two parties need not be equal, but the fault of each, standing alone, must be sufficient to award the other spouse a separation under LSA-C.C. art. 138. Miller v. Miller, supra, Post v. Post, 376 So.2d 1275 (La.App. 2nd Cir. 1979), and Douglas v. Douglas, 385 So.2d 402 (La.App. 1st Cir. 1980), writ refused, 386 So.2d 358.
Plaintiff contends that the trial court erred in finding her guilty of fault sufficient to award her husband a separation under LSA-C.C. art. 138 and that, therefore, the granting of a separation for mutual fault under LSA-C.C. art. 141 is erroneous. Defendant did not answer the appeal so we are precluded from considering the trial court's finding of fault as to him. Adams v. Adams, supra, Vail v. Vail, supra, Miller v. Miller, supra; and Denbo v. Denbo, 345 So.2d 1257 (La.App. 1st Cir. 1977). Defendant in his reconventional demand asserted that plaintiff was guilty of abandonment which is a ground for separation under LSA-C.C. art. 138(5). See footnote 2. However, plaintiff in her original and supplemental petitions asserted with particularity that defendant was guilty of various acts of cruel treatment which are grounds for separation under LSA-C.C. art. 138(3). See footnote 2. Plaintiff argues that defendant's cruel treatment was a defense to abandonment, and that the trial court erred (if its finding of fault as to her was based on any evidence other than that concerning her abandonment) since the defendant alleged no other ground for separation.
In divorce or separation proceedings, the trial court's findings of fact on the issue of fault will not be disturbed on appeal unless manifestly erroneous. Pearce v. Pearce, 348 So.2d 75 (La.1977); Douglas v. Douglas, supra; and Aguillard v. Aguillard, 380 So.2d 104 (La.App. 1st Cir. 1979), writ denied, 381 So.2d 1206 (La.1979). In its minute entry constituting reasons for judgment, the trial court gave none of its findings of fact on the issue of fault except for a comment concerning a cassette tape introduced into evidence by plaintiff on which plaintiff had recorded an argument between her and her husband.[3] However, plaintiff's taping of a domestic argument is not by itself sufficient grounds for separation. We must assume that the trial court found this action by plaintiff to be cruel treatment or an "outrage" under LSA-C.C. art. 138(3). Article 138(3) requires that "cruel treatment or outrages" must be "of such a nature as to render [the spouses'] living together insupportable;" however, we do not feel that this one action by plaintiff reaches that quality or severity. Therefore, we must examine the record of evidence adduced at trial to determine if plaintiff was guilty of other acts of cruel treatment which rendered defendant's living with plaintiff insupportable. In this regard, we may consider evidence of plaintiff's *300 cruel treatment introduced without objection since this expands the defendant's pleadings.
The parties in this case have had marital difficulties previously, as indicated by the fact that they were judicially separated in December of 1976, but had reconciled and had been living together since July of 1978 until this present separation. Plaintiff testified in detail of at least two beatings she received at the hands of her husband, one on January 7, 1979, and another on September 13, 1980, the day she left her husband. On both occasions, plaintiff required medical attention, and the doctors who saw her on those occasions both testified that plaintiff's injuries were consistent with her description of the beatings. Mr. and Mrs. Roundtree, who lived in a trailer rent-free on property owned by plaintiff, testified that they saw plaintiff immediately after the beating on September 13, 1980, and that her condition was consistent with her description of the incident which had just occurred.[4] Defendant denied ever hitting his wife but could offer no other reasonable explanation for her injuries. Plaintiff also testified in detail of various acts of mental cruelty committed by her husband beginning in August of 1981, including his telling her to leave their common household, and that he no longer loved her and had no desire to have sexual relations with her.
In light of the strong evidence of defendant's physical and mental cruelty towards plaintiff, we believe she was justified in leaving her husband and not guilty of abandonment, especially in light of the fact that defendant failed to show by a preponderance of the evidence that he constantly desired his wife's return, one of the elements necessary to prove abandonment. Defendant had already packed plaintiff's belongings when she returned for them two days later and made little or no effort to contact her before or after this time.
Plaintiff argues that the trial court must have based its finding that the parties were mutually at fault on the cruel treatment by defendant and the abandonment by plaintiff, and that these fault-based grounds are defenses to each other. See Favaloro v. Favaloro, 391 So.2d 966 (La.App. 4th Cir. 1980). Therefore, following plaintiff's argument, since the judgment of defendant's cruel treatment is final and cannot be disturbed by this Court, plaintiff must be without fault by definition to avoid an inconsistent judgment.
The Louisiana Supreme Court, faced with this argument in Adams v. Adams, supra,[5] stated:
"Plaintiff argues that because the separation judgment grounded upon abandonment in plaintiff's favor by definition means that plaintiff was without fault, this Court must defer to the final portion of the judgment and conclude that plaintiff was without fault. However, the better approach, where such an inconsistency is present, is to examine whether the record supports the finding at issue without regard to other findings not before the Court. Dixon v. Dixon, 357 So.2d 856 (La.App., 4th Cir. 1978); Watson v. Watson, 372 So.2d 639 (La.App., 4th Cir. 1978). Thus, we only consider whether the lower courts erred in determining that plaintiff was at fault in causing the separation." See also Vail v. Vail, supra.
*301 In the Adams case, the defendant had reconvened on the ground of cruel treatment, so the issue of plaintiff's cruel treatment was properly before the court. In the case before us, however, defendant reconvened only on the basis of abandonment, and plaintiff timely objected when defendant tried to testify as to plaintiff's cruel treatment. Therefore, we cannot consider the testimony of defendant regarding his wife's cruel treatment because this evidence was not properly before the trial court on this issue.[6] Defendant contended in his brief and at oral argument, however, that the testimony of the parties' daughter, which was not objected to at trial, established plaintiff's cruel treatment. We disagree. Even if admission of the evidence had been proper, any conclusion by the trial court that the plaintiff's conduct based on this evidence constituted cruel treatment was clearly wrong. The daughter testified that plaintiff told her on at least one occasion that "I hate him [defendant] so much, if he was right here, I'd kill him." The daughter also spoke of an argument she had had with the plaintiff. We do not feel that such a statement made in anger (the seriousness of which may be questioned) or an argument between plaintiff and her daughter, neither of which occurred within the presence of defendant, can be considered to be cruel treatment directed towards the defendant.
The only relevance to the issue of plaintiff's cruel treatment in this case is that she cannot get permanent alimony after divorce unless she is free from fault. Fault which would deprive a wife of permanent alimony after divorce under LSA-C.C. art. 160 must consist of conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities. A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord. Adams v. Adams, supra; Pearce v. Pearce, supra; Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (La.1959); Davieson v. Trapp, 223 La. 776, 66 So.2d 804 (La.1953); and Breffeilh v. Breffeilh, 221 La. 843, 60 So.2d 457 (La.1952). To constitute fault a wife's conduct must be an independent contributory or proximate cause of the separation sufficient to have allowed the husband to obtain a judgment of separation against his wife under LSA-C.C. art. 138. Adams v. Adams, supra. We find that mere accusations that plaintiff worked different hours from defendant, had struck defendant without hurting him, had on occasion been very angry at defendant, or was generally quarrelsome are not of such a severe nature as to allow the rendition of a judgment of separation against plaintiff. Therefore, for the foregoing reasons we reverse the trial court's determination of fault on the part of plaintiff Myrtis Harrington; we affirm so much of the trial court's judgment which granted a separation in favor of plaintiff.

ALIMONY PENDENTE LITE
Plaintiff contends that the trial court erred in granting to her an "abusively low" award of alimony pendente lite. The trial court gave the following written reasons for its award:
"The Court awards alimony pendente lite in the amount of $150.00 per month until October 10, 1981. The Court finds that the plaintiff is in no way disabled and is capable of supporting herself. The only reason the Court is awarding plaintiff this amount is in order for the plaintiff *302 to rehabilitate her earning capacity and become self-supporting."[7]
Plaintiff argues that the trial court erred in considering a spouse's earning capacity to fix a termination date of the award, and in granting an award contrary to the evidence adduced at trial.
The basis for alimony pendente lite is LSA-C.C. art. 148 which states:
"If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse."
It is well settled that the ability of a spouse to obtain employment producing some income in the future is not an appropriate consideration in determining alimony pendente lite; if, however, the spouse chooses to earn her own living, or a part of it, alimony is reduced to the extent of her earnings. Ward v. Ward, 339 So.2d 839 (La.1976); Arrendell v. Arrendell, 390 So.2d 927 (La.App. 2nd Cir. 1980); St. Julien v. LeBlanc, 146 So.2d 296 (La.App. 3rd Cir. 1962). Therefore, an award of alimony pendente lite granted to the wife only "to rehabilitate her earning capacity and become self-supporting" is not proper.
The evidence adduced at trial is that defendant takes home $1,059 per month and that plaintiff is currently employed and takes home $304.84 per month. Plaintiff's statement that she needs about $350 per month from her husband to meet her needs and expenses is not seriously disputed. Therefore, we will award to plaintiff the sum of $350 per month alimony pendente lite. This award is to remain in effect until such time as the parties may be divorced, when plaintiff's earning capacity may be considered in an award for permanent alimony under LSA-C.C. art. 160. The trial court, of course, is not precluded from entertaining proceedings in which decreases or increases may be sought prior to any judgment of divorce and in granting any judgment making justified modification in the award of alimony pendente lite in accordance with established law.

CONCLUSION
We reverse that portion of the trial court's judgment which granted a judgment of separation from bed and board to plaintiff in reconvention, Elson Campbell, based on the trial court's finding of mutual fault of the parties; we affirm that portion of the trial court's judgment which granted a separation from bed and board in favor of plaintiff, Myrtis Harrington; we amend the trial court's judgment against defendant, Elson Campbell, awarding alimony pendente lite in favor of plaintiff, Myrtis Harrington, to provide for alimony pendente lite under LSA-C.C. art. 148 in the amount of $350 per month. The Costs of this appeal are assessed to defendant and plaintiff in reconvention, Elson Campbell.
REVERSED IN PART, AFFIRMED IN PART, AMENDED IN PART AND AFFIRMED AS AMENDED.
NOTES
[1] LSA-C.C. art. 141 states:

"A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. In such instances, alimony pendente lite may be allowed but permanent alimony shall not be allowed thereafter following divorce."
[2] LSA-C.C. art. 138 provides in those parts pertinent to this case:

"Separation from bed and board may be claimed reciprocally for the following causes:
* * * * * *
3. On account of habitual intemperance of one of the married persons, or excesses, cruel treatment, or outrages of one of them toward the other, if such habitual intemperance, or such ill-treatment is of such a nature as to render their living together insupportable;
* * * * * *
5. Of the abandonment of the husband by his wife or the wife by her husband."
[3] The trial court made the following comment in a minute entry giving its reasons for judgment. "... The Court does not believe that a wife who is trying to make the marriage successful would tape an argument between her husband and herself."
[4] Defendant argues strenuously that the Roundtrees' testimonies are untrustworthy because they live rent-free on plaintiff's property and because of the allegedly inconsistent statements brought out on cross-examination concerning whether or not plaintiff was a beneficiary in either of the Roundtrees' wills. Even if we were to disregard completely the testimony of the Roundtrees, however, the testimonies of the doctors and plaintiff are highly probative. Defendant does not attempt to impeach the testimonies of the doctors.
[5] In Adams, the plaintiff-wife brought an action for separation alleging abandonment without cause, and the defendant-husband reconvened on the ground of cruelty. The trial court granted the separation in favor of the plaintiff on the ground of abandonment but found further that plaintiff was "`not without fault' in the separation." The only part of the judgment appealed was the finding that the plaintiff was not without fault.
[6] The trial court allowed defendant to testify as to plaintiff's cruel treatment to counter her allegations against him. Defendant testified that he and his wife had little time together for a ten-month period due to their different working schedules. Defendant also testified as follows:

"Q Did your wife ever strike you, Mr. Campbell?
A Plenty of times, yes, sir. Never could hurt me, though." (Tr. 197)
This testimony, even if admissible to show plaintiff's fault, does not prove cruel treatment by plaintiff of such a nature as to render the spouses' living together insupportable.
[7] Although we find that the separation should not have been granted for mutual fault under LSA-C.C. art. 141, the trial court did have authority to make an award of alimony pendente lite under that article. See footnote 1.