GARRISON, Judge.
This is an appeal from a judgment of the district court granting a separation a mensa et thoro between the parties. Mrs. Rapp brought suit for separation on the ground of cruel treatment. Mr. Rapp reconvened on the ground of abandonment. The trial judge granted a separation on the basis of mutual fault. From that judgment, which we affirm, Mrs. Rapp appeals.
In the instant appeal, this court is confronted with a totally novel situation:
Civil Code Art. 141 on mutual fault provides as follows:
“A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. In such instances, alimony pendente lite may be allowed but permanent alimony shall not be allowed thereafter following divorce.” (emphasis added)
In Adams v. Adams, 389 So.2d 381 (La.1980), the Louisiana Supreme Court held that “fault” in Article 141 must be one of the eight fault-based grounds in Civil Code Article 138(1)-(8):
“Separation from bed and board may be claimed reciprocally for the following causes:
“1. In case of adultery on the part of the other spouse;
“2. When the other spouse has been convicted of a felony and sentenced to death or to imprisonment at hard labor in the state or federal penitentiary;
“3. On account of habitual intemperance of one of the married persons, or excesses, cruel treatment, or outrages of one of them toward the other, if such habitual intemperance, or such ill-treatment is of such a nature as to render their living together insupportable;
“4. Of a public defamation on the part of one of the married persons towards the other;
“5. Of the abandonment of the husband by his wife or the wife by her husband;
“6. Of an attempt of one of the married persons against the life of the other;
“7. When the husband or wife has been charged with a felony, and shall actually have fled from justice, the wife or husband of such fugitive may claim a separation from bed and board, on producing proofs to the judge before whom the action for separation is brought, that such husband or wife has actually been guilty of such felony, and has fled from justice;
*718 “8. On account of the intentional nonsupport by the husband of his wife who is in destitute or necessitous circumstances, or by the wife of her husband who is in destitute or necessitous circumstances.” (emphasis added)
The elements of “abandonment” under C.C. art. 138(5) are:
1. Where a spouse leaves the matrimonial domicile;
2. Without lawful cause;
3. With the intention to permanently absent himself from the domicile; and
4. Refuses to return after being asked to return.
Cruel treatment under C.C. Art. 138(3) is “lawful cause” under the elements of abandonment such that cruel treatment is a defense to abandonment. If the trial court finds that certain actions constitute “cruel treatment” then one of the elements of abandonment has not been met and the action is granted on the basis of cruel treatment as an independent ground under 138(3) and the action for abandonment is denied. Conversely, if the trial court finds that certain actions do not constitute “cruel treatment” then it cannot be used as a defense to abandonment. The burden is still on the party alleging abandonment to prove the four elements of abandonment.
In the instant appeal, the trial judge in his written reasons for judgment states that he cannot decide if the actions complained of constitute cruel treatment. Because he is unable to make a determination on the question of cruel treatment, he further cannot decide if there was or was not lawful cause for the abandonment; hence he cannot make a decision on the issue of abandonment.
The trial judge further states that he is bound by Adams, above, such that prior to 1976 he probably would not have been able to grant the separation to either party. In 1976, however, C.C. Art. 141 was added by Acts 1976, No. 495 § 1. In that regard the trial judge further states:
“The Court is well aware that prior to 1976 and the amendment of Civil Code Article 141, the Court might have denied a judgment of separation. However, Civil Code Article 141 makes it mandatory that a separation from bed and board be granted although both spouses are mutually at fault in causing the separation.” (emphasis added)
Lastly, the trial judge concludes that while he cannot conclude whether or not there was “enough fault” to constitute “lawful cause” for abandonment, he does conclude that there was “mutual fault”:
“After hearing and seeing both spouses, the Court concluded that the spouses were mutually at fault in the separation, that they quarreled with each other, that they could not get along with each other; the Court could not determine from the testimony whether one spouse was more culpable than the other, causing the disagreements and quarrels which made the marriage impracticable to continue.”
Thus, the trial judge, having found “mutual fault” and bound by the express legislative mandate of the word “shall” in C.C. Art. 141, granted a separation on the basis of mutual fault.
This, then, is the state of the case confronting the Fourth Circuit Court of Appeal. On appeal, the essential standard of review to be applied by this court to factual determinations is whether the trial judge was manifestly erroneous in its factual determinations. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Where the factual issues are so close that even the trial judge cannot decide, it is obvious that this court cannot conclude that manifest error has occurred. We must conclude that if the trial judge could have found either “lawful cause” or “cruel treatment” he would have done so.
In most cases where the Fourth Circuit is called upon to reassess factual determinations and where manifest error has occurred, the Court of Appeal can make factual determinations and render judgment on the basis of the record. Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975). In the instant appeal, however, there is no *719 transcript of the testimony presented. In the absence of a transcript, not only are we incapable of resolving the issues on the basis of the record but also we are unable to find manifest error as there is no testimony for us to review.
In the light of what record we do have before us, we can only give the trial judge the great discretion afforded him in areas of assessment of credibility of the witnesses due to his firsthand knowledge of the demeanor of the witnesses and conclude that no manifest error has occurred on the factual issues.
In view of the express legislative mandate of Article 141 and the trial judge’s factual determination that mutual fault exists, we conclude that we have no other option than to affirm the ruling of the trial court.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.