SCHOTT, Judge,
dissenting.
When the trial of this case was concluded on December 12, 1980, the judge made the following statement:
“It is ordered, adjudged and decreed by this court that there will be adjudged herein in favor of Mrs. Linda Ann Razza Rapp for a separation based on mental cruelty and physical cruelty.
It is further ordered, adjudged and decreed that there is mutual fault.”
In his written reasons for judgment, signed on December 12, 1980, the judge stated as follows:
“The Court is well aware that prior to 1976 and the amendment of Civil Code Article 141, the Court might have denied a judgment of separation. However, Civil Code Article 141 makes it mandatory that a separation from bed and board be granted although both spouses are mutually at fault in causing the separation. The fact that Mrs. Rapp removed herself from the matrimonial domicile, taking with her the contents thereof, is uncon-troverted; this activity would constitute abandonment unless done with lawful cause. This Court is bound by the decision of the Supreme Court in Adams v. Adams, Ct. of App. 4th Cir., 380 So.2d 737, writ granted and reversed by the Supreme Court at 389 So.2d 381.
The Court cannot, under this decision, hold that the testimony of Mrs. Rapp standing alone would be sufficient grounds to award her a separation from bed and board; the Court cannot avoid the fact that Mrs. Rapp did in fact abandon the matrimonial domicile, but believes that she did so by reason of “mutual fault” or “irreconcilable differences” which rendered living together insupportable to both spouses.
Accordingly, the Court is obliged to render a judgment of separation from bed and board, but to find spouses to be mutually at fault.”
Our first problem is to reconcile the judge’s oral decision with his written reasons signed six days later. Mrs. Rapp would have us reverse the judgment on the theory that the matter had been settled in her favor in the judge’s oral decision and she would have us dismiss Mr. Rapp’s suit for abandonment since she had lawful cause, i.e., Mr. Rapp’s physical and mental cruelty, for separating from her husband. I am unable to accept this argument. The final definitive judgment must prevail over preliminary views he might have had earlier.
On the other hand Adams v. Adams, 389 So.2d 381 (La.1980) prevents the result reached by the trial judge in this case, which was a separation from bed and board under LSA C.C. Art. 141, based on the mutual fault of the spouses. In Adams, the court held that the fault contemplated by this article amounts to conduct constituting an independent fault ground for separation under C.C. Art. 138. Since the trial judge specifically held that Mrs. Rapp did not prove Art. 138 fault on the part of Mr. Rapp and since he also found that Mrs. Rapp had a lawful cause for separating from Mr. Rapp, such as to prevent him from getting a separation based upon abandon- *720 merit it follows that there was no mutual fault under Art. 141 as interpreted by Adams. It should also be pointed out that the failure of Mrs. Rapp to prove cruelty on the part of Mr. Rapp did not automatically entitle Mr. Rapp to a judgment of separation based upon abandonment. Anderson v. Anderson, 379 So.2d 795 (La.App. 4th Cir. 1979).
I would set aside the judgment of the trial court.