WATKINS, Judge.
In this proceeding, Karl L. Credeur sought a divorce from his wife, Darlene Himel Credeur, on the ground of the parties having lived separate and apart for more than one year. The trial court granted Mr. Credeur a divorce, but found Mrs. Credeur free from fault. From the judgment, Mr. Credeur has appealed.
Louisiana Civil Code art. 160 sets forth the prerequisites for an award of alimony after a final divorce. Freedom from fault on the part of the claimant spouse is one of the prerequisites. The Louisiana Supreme Court in Adams v. Adams, 389 So.2d 381 (La.1980) determined that “fault” for purposes of permanent alimony preclusion is synonymous with the fault grounds for separation and divorce. Only such conduct as will entitle one spouse to a separation, or divorce under LSA-C.C. arts. 138(1)-{10) or 139 is sufficient to deprive the other spouse of alimony after a final decree. Thus, although alimony was not awarded in the judgment appealed from, the finding in that judgment that Mrs. Credeur was free from fault constitutes the possible basis for a future award of alimony.
Mr. Credeur testified that his wife had a violent temper, on one occasion threw her wedding ring at him and bit him, constantly argued with him, and generally made herself so disagreeable he left matrimonial domicile. Mrs. Credeur testified that her former husband went out with another woman on one occasion, spent his earnings mainly on himself, was constantly at meetings, both religious and civic, and refused to return home after he left for the last time although she entreated him to do so. Other witnesses testified on either side, but their testimony merely corroborated the testimony of the two opposing parties.
If Mr. Credeur’s testimony is accepted as true, Mrs. Credeur is partly at fault. If Mrs. Credeur’s testimony is accepted as true, Mrs. Credeur is free from “fault” as that term is defined in Adams, supra.
The trial court, which heard the testimony and observed the demeanor of the witnesses, is the best judge of the facts. We cannot say that the determination of the trial court that Mrs. Credeur was free from fault is clearly wrong.
Therefore, the judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.