G. WILLIAM SWIFT, Jr., Judge Pro Tem.
Mrs. Geraldine M. Butts has appealed from two judgments involving her marriage to Harold J. Butts, one dated April 10,1981, which decreed a separation between the parties upon a finding of mutual fault, and the other rendered on October 30,1981, that granted to Mr. Butts an absolute divorce for living separate and apart continuously for more than one year under La.R.S. 9:301.
The validity of the divorce decree is not at issue. Consequently, the principal issue for us to decide is whether Mrs. Butts was guilty of such fault that she is precluded from permanent alimony after the divorce.
The parties were married in 1950. At that time Mrs. Butts’ daughter, Cheryl, was five years old. Cheryl suffered from an incurable disease of the vertebrae, Potts disease, and had already undergone two spinal fusion operations. Mr. Butts adopted Cheryl after the marriage. Because of Cheryl’s physical handicaps, certain emotional problems began to develop in the family.
Mr. Butts is presently in his sixties, is employed as a river pilot and earns $93,-000.00 per year. He was disturbed by Mrs. Butts’ affection for the daughter and resented the time she spent in administering to the physical and emotional needs of Cheryl. He gradually withdrew from the family unit, failing to cooperate in family group therapy because he was dissatisfied with the results of the treatment of his wife and daughter, and finally moved to his own apartment and found new friends, including females.
For a time Mr. and Mrs. Butts both agreed to follow Cheryl’s psychiatrist’s advice by removing the daughter from the matrimonial domicile and providing her with her own apartment. Mr; Butts agreed to pay for the apartment, but Mrs. Butts found suitable quarters and a roommate capable of taking care of Cheryl’s physical needs, moving, etc. The relationship between Cheryl and Mr. Butts deteriorated to such an extent that hatred developed between the father and daughter. He even had two of Cheryl’s dogs put to sleep because their barking interfered with his sleep.
*304 Mr. Butts appears to have been a good father for Cheryl until she graduated from high school, but thereafter his help and support (other than financial) ended. Mrs. Butts’ mother later moved into the Butts household and helped Mrs. Butts to care for Cheryl. Not long after the grandmother died, when the burden of helping to care for Cheryl was increased, Mr. Butts rented his own apartment.
Cheryl Butts was 34 years old at the time of the trial and unemployed. She was diagnosed as a passive-aggressive personality type, despondent and depressed. Her psychiatrist testified that Cheryl is not only emotionally, but also physically, incapable of being self-supporting and living alone as she is confined to a wheelchair and requires help to get into and out of a bathtub, needs assistance in using toilet facilities and in loading and unloading her wheelchair in a car. If a car is properly equipped with special devices for the handicapped, she can drive a car. Cheryl is abnormally dependent upon her mother and is jealous of her mother’s affection for her father. The testimony of all parties indicated that Cheryl is highly manipulative and that she vied with her father for her mother’s affection. On many occasions when Mr. and Mrs. Butts would go out without Cheryl she would follow them or attempt to locate them by telephone. Once when they went to their farm in Mississippi for a weekend alone, Cheryl followed them all the way to Mississippi. Both parties acknowledged that Cheryl was the principal cause of the marital breakdown.
Mrs. Butts was torn between her daughter and her husband. She was diagnosed by her psychiatrist also as a passive-aggressive personality type. Mrs. Butts testified that she still loves her husband and that she always supported her husband’s side in the father-daughter fights, although she could not abandon her daughter. Mr. Butts admitted that his wife supported him against Cheryl to some extent. Mrs. Butts appears to have not only allowed both Cheryl and her husband to manipulate her but also ruin her own mental and physical health in the process.
La.C.C. Art. 141 provides for a separation from bed and board when both parties are “mutually at fault” in causing the separation. In such case permanent alimony is not allowed on final divorce.
In Adams v. Adams, 389 So.2d 381 (La.1980), the Louisiana Supreme Court approved this court’s determination that the phrase “mutually at fault” means that “the husband must have committed acts which would be grounds for a fault-based separation in favor of the wife and the wife must have committed acts which would be grounds for a fault-based separation in favor of the husband.” See also Favalora v. Favalora, 391 So.2d 966 (La.App. 4 Cir. 1980).
Like Favalora, the instant appeal deals with an abandonment by one of the spouses allegedly caused by fault on the part of the other.
From our careful review of the record we are convinced that Mrs. Butts has done nothing which would constitute legal fault and be a ground for a separation decree in favor of the husband.
We can understand that it became exceedingly difficult for Mr. Butts to live happily in the household and put up with Cheryl’s excessive demands for his wife’s attention. However, it is clear that their problems were created by Cheryl, not Mrs. Butts. The husband admittedly had grown to dislike the daughter and testified that if she had only left them alone they “could have lived with it and in peace and harmony.” He also said his wife was attempting to be a good wife, but with all of the arguments and things “I don’t guess she could do any more than she did right at that time. She wasn’t going to change her life and Sheryl (sic) wasn’t going to change her ways.” Mrs. Butts testified; “I did everything I could with Sheryl (sic) to try and save my marriage except completely abandon her.” We believe these excerpts from their testimony pretty well portray the situation and we are convinced there was no cruelty on the part of Mrs. Butts of such a nature as to render the husband’s living with her insupportable.
*305 As previously stated, Mr. Butts admitted that his wife never mistreated or neglected him and never denied him sexually. Mrs. Butts did allow herself to be manipulated by Cheryl, but at all times she believed that she was only fulfilling a mother’s obligation to an incompetent daughter. It must be remembered that Cheryl was also Mr. Butts’ daughter by adoption and he was obliged to care for her, too.
In regard to appellee’s contention that his wife was also at fault in handling money, the only incident proved was when Mrs. Butts inadvertently wrote a check or checks on the wrong checking account and overdrew same. The record reflects that this was a mere error which was later corrected and Mr. Butts was only inconvenienced thereby. We certainly do not consider this a ground for separation.
Under the circumstances we conclude that the trial judge erred in finding that Mrs. Butts was guilty of legal fault and decreeing a separation on the ground of mutual fault under La.C.C. Art. 141. Although there does not appear to have been any justification for the husband’s leaving the matrimonial domicile, it is unnecessary for us to decide this issue in view of the subsequent judgment granting an absolute divorce between the parties.
Having found the wife was free of fault, she may be awarded permanent alimony after the divorce under La.C.C. Art. 160. However, we are unable to determine from the record before us the wife’s needs and the husband’s ability to pay. Therefore, the case will have to be remanded for a determination of the amount of alimony, if any, to which Mrs. Butts is entitled.
For the foregoing reasons, the judgment of the district court, dated April 10,1981, is reversed and set aside, but the judgment rendered on October 30, 1981, is affirmed, subject to a determination by the lower court of the amount of permanent alimony, if any, to which appellant, Geraldine M. Butts, is entitled, for which purpose this case is remanded. The costs of this appeal are assessed to the appellee. The other court costs will be assessed to the community-
REVERSED IN PART, AFFIRMED IN PART AND REMANDED.