GAUDIN, Judge.
A judgment of the 24th Judicial District Court found Harold L. Mattern and his wife, Angela, mutually at fault for the dissolution of their marriage. Mrs. Mat-tern appeals, contending that Mr. Mattern’s behavior caused the breakup and that she was not at fault.
A review of the testimony of the parties and their two daughters, Elise and Sheryl, indicates clearly that Mrs. Mattern was not legally at fault. That portion of the January 23, 1989 judgment finding Mrs. Mat-tern at fault is reversed and set aside.
Mr. Mattern complained about Mrs. Mattern’s gambling — she liked to play bingo — and the fact that she took part in bible study sessions at the matrimonial domicile. Mr. Mattern admitted that he, too, played bingo; in any event, Mrs. Mat-tern’s bingo playing was not mentioned by the trial judge either in his judgment from the bench following the trial or in his more formal “Reasons for Judgment” signed two weeks later. Likewise, Mrs. Mattern’s religious meetings were not cited by the trial judge.
. The trial judge did, in his signed “Reasons,” state that:
*646 . Angela Dismore Mattern contributed to the breakup of the marriage. The testimony that Mrs. Mattern withheld sexual privileges for three years was uncontro-verted. The Court finds that this, in itself, constitutes mental cruelty.”
Mrs. Mattern admitted that she and Mr. Mattern hadn't engaged in sexual intercourse but attributed this to Mr. Mattern’s lack of cleanliness and his romantic interest in two other women, Mrs. Mattern’s sister Pat and a person identified as “Miss Betty.” Mr. Mattern, when he testified, did not utter one word of protest about denied sexual activity. He spoke instead about Mrs. Mattern’s gambling and bible sessions, saying, in summary, that he tolerated the bingo “... for five years but the religion topped it off.”
The testimony of both daughters is supportive of Mrs. Mattern and critical of Mr. Mattern. There is ample testimony regarding Mr. Mattern’s legal fault. Mr. Mattern did not appeal the trial judge’s finding of fault on his part; there is no reason to further discuss this finding.
This is not a simple credibility case. It is a case of the husband’s apparent and persisting fault being compared to the alleged minor flaws of the wife. Mrs. Mattern may not have been an absolutely perfect spouse and totally blameless concerning marital discord, but her bingo playing and the religous meetings were not sufficiently offensive to be a legal contributing or proximate cause of the termination of this 28-year marriage. It was error for the trial judge to so find.
Mrs. Mattern was employed much of the time, not working only when she was ill. From the record, she was, except for Mr. Mattern’s complaints about her bingo and bible-studying, a good mother and wife. Mr. Mattern left the matrimonial domicile in November, 1987 to be with “Miss Betty.”
To constitute fault, a wife’s misconduct must not only be of a serious nature, it must also be an independent contributory or proximate cause of the separation. See Adams v. Adams, 389 So.2d 381 (La.1980) at page 383. Here, Mrs. Mattern’s “fault” falls far short of that required to deprive her of alimony.
We remand to the district court for further proceedings, with Mr. Mattern to bear costs of this appeal.
REVERSED IN PART AND REMANDED.