GULOTTA, Judge.
In this domestic relations case, the defendant-wife appeals from a judgment which 1) grants to the plaintiff-husband a divorce based on a voluntary separation for more than a year; 2) denies the wife a divorce based on the husband’s adultery and 3) makes a finding of mutual fault. We affirm.[1]
The husband’s suit for divorce based upon a voluntary separation for more than a year, was filed on October 10, 1983. The *641 wife testified that the parties were married on May 8, 1982 and had been separated without reconciliation since September 7, 1982. She stated that since the marriage her husband had spent nights away from home with another woman and continued to live with her. The husband admitted to having adultery after October 8, 1982, and to living with another woman at the time of the trial.
An admission of adultery, without other evidence is insufficient proof on which to dissolve a marriage and the mere uncorroborated testimony of one spouse whether denied or admitted by the other spouse does not constitute a preponderance of the evidence to support a judgment of separation or divorce. Heard v. Heard, 424 So.2d 1177 (La.App. 1st Cir.1982); Ellois v. Ellois, 145 So.2d 123 (La.App. 4th Cir.1962).
In the instant case, despite the husband’s admission of adultery, there was no evidence as to specific acts. Under these circumstances, we cannot conclude the trial judge erred when he denied the wife a divorce based on adultery.
In connection with the mutual fault issue, the husband testified that his wife had intentionally rammed her car into the passenger side of an automobile where he was riding, intending to seriously injure him. Furthermore, according to the testimony of a mutual friend of the parties, the wife had sought from this person information about anyone who could “take care” of her husband. The reference, according to the witness, was that the wife had wanted him to find somebody to seriously injure or kill her spouse.
This evidence considered, we cannot say the trial judge erred in his finding of mutual fault. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
CIACCIO, J., concurs with reasons.

. The trial judge in oral reasons for judgment stated in pertinent part:
"... both parties are found to be at fault, Mrs. Paige, because of her cruel, unusual treatment of Mr. Paige_”