490 So.2d 371 (1986)
Victor YAMAYANS
v.
Margaret Soukup YAMAYANS.
No. 85 CA 1414.
Court of Appeal of Louisiana, First Circuit.
May 28, 1986.
*372 Tony G. Sanders, Baton Rouge, for plaintiff-appellant Victor Yamayans.
Margaret S. Yamayans, Gulf Port, Miss., in pro. per.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
Plaintiff, Victor Yamayans, appeals the trial court's granting of a separation to his wife based upon his fault. Several collateral issues are also assigned as error.
On June 2, 1979, plaintiff and defendant, Margaret Soukup Yamayans, were married in Gulfport, Mississippi. Thereafter, they established their matrimonial domicile in the Parish of East Baton Rouge. On or about June 1, 1984, defendant traveled to Georgia ostensibly to visit her sister, leaving the couple's minor child with plaintiff. Upon termination of said visit, defendant returned to her parents' residence in Gulfport, refusing to return to the matrimonial domicile. Thereafter, plaintiff filed suit for separation based upon defendant's abandonment. While asking for sole custody, joint custody was alternatively pled with an agreement that he pay $160 per month in child support and carry his wife and child on his medical and health insurance. Defendant reconvened, alleging that plaintiff was guilty of cruel conduct toward her.
Pursuant to stipulation on a rule, plaintiff agreed to pay $160 per month in support, give temporary custody of the child to his wife subject to reasonable visitation, and continue them on his health and medical insurance. At the trial on the merits, a separation was rendered in defendant's favor with primary care of the child being placed with the defendant subject to the plaintiff's joint custody and visitation. Thereafter, plaintiff filed a motion for a new trial, contending that the trial court erred in granting defendant a separation and in adopting the plan for joint custody. Judgment was thereafter rendered denying such motion. Plaintiff appeals, contending the trial court erred in:
1. Failing to grant him a separation based upon defendant's abandoment,
2. Granting defendant a separation based upon plaintiff's cruel treatment,
3. Failing to require an implementation plan to be submitted,
4. Failing to award joint custody pursuant to the terms of LSA-C.C. art. 146 in its joint custody plan, and

*373 5. Setting the visitation privileges of plaintiff too restrictively in its joint custody plan.

ASSIGNMENTS OF ERROR NOS. 1 and 2
Plaintiff contends the trial court erred in granting defendant a separation based upon plaintiff's cruel treatment and in failing to grant him a separation based upon defendant's abandonment. It is well settled that the trial court's findings of fact are entitled to great weight and should not be disturbed on appeal absent a finding of manifest error. Finch v. Finch, 479 So.2d 473 (La.App. 1st Cir.1985). However, the mere uncorroborated testimony of one spouse, whether denied or admitted by the other, does not constitute a preponderance of the evidence sufficient to support a judgment of separation or divorce. Paige v. Paige, 468 So.2d 640 (La.App. 4th Cir.1985); and Heard v. Heard, 424 So.2d 1177 (La. App. 1st Cir.1982).
The finding of cruelty under LSA-C.C. art. 138(3) requires two factual analysis. First, the trial court must determine whether or not the objective factual conduct which is allegedly cruel actually occurred. Second, if it finds that the conduct did occur, the court must subjectively determine whether or not that conduct "rendered the parties living together insupportable." Durand v. Willis, 470 So.2d 947 (La.App. 3rd Cir.), writ denied, 477 So.2d 98 (La.1985). Herein, the trial court failed to favor us with either oral or written reasons for its judgment.
In the matter sub judice, the trial court found that plaintiff was guilty of acts of cruel treatment. Defendant's largely unsubstantiated testimony reflects that such acts consisted of telling her that she looked like a dog because of her haircut; and once suggesting that she put a bag over her head; constantly telling her that biting her fingernails was ugly and suggesting that he didn't want a wife who bit her fingernails; telling her that he could not stand looking at the insect bites on her legs; criticizing her cooking; disapproving of her going out with the girls and supposedly being very domineering. A family friend testified that she never saw nor heard any of these alleged acts of cruel treatment. While she found that plaintiff may have been domineering, she stated that he called defendant frequently during the day to talk and sent her flowers. She opined that the marriage was just "your average marriage."
It is clear from the record that defendant failed to carry her burden of proof in establishing that (1) such acts occurred and (2) that such acts rendered the couple's living together insupportable. Accordingly, that part of the trial court's judgment granting defendant a judgment of separation based on cruel treatment is hereby reversed.
Plaintiff next contends that defendant's departure without lawful cause and refusal to return to the matrimonial domicile is grounds for a judgment of separation. The trial court having failed to so find, plaintiff asserts that it erred. We agree.
Abandonment is grounds for separation where one party (1) withdraws from the matrimonial domicile, (2) without lawful cause, and (3) refuses to return. LSA-C.C. arts. 143 and 138.
The record reflects that defendant left the matrimonial domicile for a visit with her sister. After said visit, she returned to her parents' home in Gulfport and thereafter refused to return to the matrimonial domicile. While defendant's leaving the home for a visit does not meet the test for abandonment, her subsequent actions of moving to her parents' home and refusing to return to the matrimonial domicile does meet the test. Accordingly, we need only consider whether defendant left the matrimonial domicile with lawful cause.
At trial, defendant defended her leaving the matrimonial domicile by claiming (1) that she was staying in Gulfport with the consent of her husband, and alternatively, (2) that she left for lawful cause. The record indicates that the couple did, for at least a short period of time, attempt to have defendant run a business in Gulfport. *374 Said business was started just after defendant's return to Gulfport after visiting her sister. Defendant contends that she and plaintiff agreed that she would stay in Gulfport to run the business. Plaintiff asserts that while such is true, the business failed soon after it opened and he closed same down, thereafter, requesting that his wife return home. She refused.
Based upon these facts and our previous findings that plaintiff's alleged actions were not cruel treatment, we find that defendant left the matrimonial domicile without lawful cause and has refused to return. As such, the trial court erred in not granting plaintiff a separation based upon abandonment.

ASSIGNMENTS OF ERROR NOS. 3, 4 and 5
Plaintiff next contends that the trial court erred in its effectation and implementation of the joint custody plan. Specifically, he asserts it erred in failing to require an implementation plan be submitted and in making visitation privileges too restrictive.
Where joint custody is awarded to the parents of minor children, the court shall, unless waived for good cause shown, require the parents to submit a plan for implementation of the joint custody order. LSA-C.C. art. 146A(1). Moreover, the trial court's decision in child custody matters is entitled to great weight and absent a clear showing of abuse of the trial court's discretion, should not be disturbed on review. Wickboldt v. Wickboldt, 448 So.2d 254 (La.App. 1st. Cir.1984).
In the instant matter, while judgment was rendered for reasons orally assigned, the record is devoid of any written or oral reasons for the trial court's judgment. Moreover, the record is devoid of any plan of implementation of the joint custody award submitted by either parent, or the court's rationale for waiving the submission of such plan. The clear language of LSA-C.C. art. 146A(1) requires that the court shall require the parents to submit such plan unless waived. No evidence having been shown for the court's waiver of the requirement or giving of its reasons for rendering the judgment herein, we are unable to determine whether the custody order as rendered is in consonance with the intent of the code. Accordingly, we remand this matter to the trial court for submission by the parents of a plan of implementation of the custody order.
For the above and foregoing reasons, judgment of the trial court granting defendant a separation based on cruel treatment is reversed and judgment is rendered herein in favor of plaintiff and against defendant granting plaintiff a separation based on defendant's abandonment. Additionally, the judgment of joint custody including the incidents thereto is reversed, and the matter is remanded to the trial court for the purpose of allowing the litigants to submit a plan of implementation of joint custody pursuant to the requirement of LSA-C.C. art. 146.
Costs are to be shared equally by the plaintiff and defendant.
REVERSED AND RENDERED IN PART, AND IN PART REMANDED.