525 So.2d 321 (1988)
William ROBICHAUX, Curator for Gary Phillip Robichaux
v.
Gail Marie Trosclair ROBICHAUX.
No. CA 87 1535.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
Gene Broussard, Lafayette, for appellee.
Rose Susan Eugenia Dorsey, Franklin, for appellant.
Before WATKINS, CARTER and FOIL, JJ.
FOIL, Judge.
The primary issue in this domestic case is whether or not the appellant was at fault in causing the dissolution of the marriage, *322 thereby precluding an award of permanent alimony.
The facts are as follows: On November 16, 1978, Gary Phillip Robichaux was in an automobile accident in which he suffered severe head injuries. As a result of permanent brain damage, he was interdicted in 1980. His father, William Robichaux, was appointed as curator of his person and estate.
Gary Phillip Robichaux and Gail Marie Trosclair Robichaux were married on February 23, 1985. The parties separated on August 17, 1985, when Mrs. Robichaux left the matrimonial domicile due to an argument, after which Mr. Robichaux followed her to her mother's house, called her names and threw her against a wall. They have lived separate and apart without reconciliation since that time.
On September 9, 1986, the plaintiff-appellee, William Robichaux, as curator for Gary Phillip Robichaux, filed suit for divorce based on living separate and apart continuously for more than one year, or, alternatively, cruel treatment or abandonment. Mrs. Robichaux filed a reconventional demand denying fault and requesting a divorce based on living separate and apart for one year. She also requested permanent alimony.
The trial court rendered judgment in favor of the plaintiff, granting him an absolute divorce for living separate and apart for the requisite period of time. The trial court denied the defendant's reconventional demand for permanent alimony, finding her guilty of abandonment and thus at fault in causing the divorce. Defendant appeals this ruling.
The validity of the divorce decree is not at issue on appeal. Further, Gary Phillip Robichaux's capacity to enter into a valid marriage was not an issue in the trial court and was not presented as an issue on appeal. See La.Civ.Gode art. 90. Therefore, we will not review that issue. Uniform RulesCourts of Appeal, Rule 1-3. Consequently, the principal issue for us to decide is whether or not Mrs. Robichaux is guilty of such fault that she is precluded from permanent alimony after this divorce.
La.Civ.Code art. 160 requires freedom from fault on the part of the claimant spouse as a prerequisite to an award of alimony after divorce. The word "fault" as used in that article "contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities." Pearce v. Pearce, 348 So.2d 75, 77 (La. 1977). A spouse should not be deprived of alimony after divorce simply because he or she was not totally blameless in the marital discord. Pearce v. Pearce, supra, and cases cited therein. Further, the Louisiana Supreme Court in Adams v. Adams, 389 So.2d 381 (La.1980), concluded that "fault" for purposes of permanent alimony preclusion is only such conduct on the part of one spouse which would entitle the other spouse to a separation or divorce under La.Civ.Code arts. 138(1H8) and 139.
Abandonment constitutes grounds for a separation under La.Civ.Code art. 138(5). In order to establish abandonment, the following three elements must be proven: 1) the spouse withdrew from the common dwelling, 2) without lawful cause and, 3) has constantly refused to return. La. Civ.Code art. 143; Finch v. Finch, 479 So.2d 473 (La.App. 1st Cir.1985).
The trial court is vested with a great deal of discretion in domestic cases. Its findings of fact on the issue of fault will not be disturbed on appeal in the absence of manifest error. Pearce v. Pearce, supra; Finch v. Finch, supra.
The evidence discloses that Mr. Robichaux had a very bad temper which was often uncontrollable. His family testified that he had suffered from this problem since his automobile accident. The trial court found that Mr. Robichaux must be excused for his actions which would constitute fault under normal circumstances because his actions stemmed from his mental condition or incapacity. We find no error in this finding. See Kaplan v. Kaplan, 453 So.2d 1218 (La.App. 2d Cir.), writ denied, 458 So.2d 484 (La.1984); Courville v. Courville, 363 So.2d 954 (La.App. 3rd Cir.), *323 writ denied, 365 So.2d 243 (La. 1978). We find, however, that the trial court was clearly wrong in concluding that, since Mr. Robichaux is excused for his acts and cannot be held at fault by reasons of his mental incapacity, "Mrs. Robichaux's leaving him cannot be justified and has to be fault." In Courville v. Courville, supra, the Court held that the actions of Mrs. Courville which would have constituted cruelty otherwise were in fact excused by her mental condition. Notwithstanding this holding, the Court found that Mr. Courville could not be guilty of abandonment as Mrs. Courville's actions toward him were sufficient cause for him to leave the home.
Our review of the record reveals that Mr. Robichaux had a terrible temper and was often unable to curb the same. On several occasions, Mrs. Robichaux had to call the police and her in-laws for help. On at least one occasion, he caused bruises on her arms during a physical struggle. On the day that the parties separated, Mr. Robichaux threw Mrs. Robichaux against a wall.
In light of the evidence of Mr. Robichaux's mental problems, emotional outbursts or "temper tantrums", as well as his physical attacks on Mrs. Robichaux, we find that she was justified in leaving her husband and not guilty of abandonment. Moreover, there is absolutely no evidence in the record showing that Mr. Robichaux constantly desired his wife's return, which is one of the elements necessary to prove abandonment. See Harrington v. Campbell, 413 So.2d 297 (La.App. 3rd Cir.1982).
Having found the wife was free of fault, she may be awarded permanent alimony after the divorce under La.Civ.Code art. 160. However, we are unable to determine from the record before us the wife's needs and the husband's ability to pay. Therefore, the case will have to be remanded for a determination of the amount of alimony, if any, to which Mrs. Robichaux is entitled.
For the foregoing reasons, that portion of the judgment of the district court rejecting defendant-appellant's reconventional demand for permanent alimony is reversed and set aside. That portion of the trial court's judgment granting an absolute divorce between the parties is affirmed. This matter is remanded to the trial court for a determination of the amount of permanent alimony, if any, to which appellant, Gail Marie Trosclair Robichaux, is entitled. The costs of this appeal are assessed to the appellee.
REVERSED IN PART, AFFIRMED IN PART AND REMANDED.