569 So.2d 220 (1990)
Sharon Bernard STEARS
v.
James Earl STEARS.
No. 89 CA 1183.
Court of Appeal of Louisiana, First Circuit.
October 16, 1990.
*221 William R. Aaron, Baton Rouge, for plaintiff-appellee, Sharon Bernard Stears.
Alan S. Fishbein, Baton Rouge, for defendant-appellant, James Earl Stears.
Before LOTTINGER and CARTER, JJ., and DOHERTY, III, J. Pro Tem.
LEWIS S. DOHERTY, III, Judge.[*]
The primary issue before the Court in this domestic case concerns post-separation fault. After hearing on the issue of fault at trial, the trial court found in favor of appellee, Sharon Bernard Stears, awarding her permanent alimony. From that judgment, appellant, James Earl Stears, now appeals.

FACTS
James Earl Stears and Sharon Bernard Stears were married on the 6th day of October, 1962, in Baton Rouge, Louisiana. Four children were born of the marriage, only one of whom was a minor at the time of trial. The minor child turned eighteen the day after the hearing. Child custody and child support are not at issue on appeal.
On November 30, 1987, Mr. Stears abandoned the matrimonial domicile and refused to return despite Mrs. Stears' continuous requests that he return. Subsequently, Mrs. Stears filed a petition for separation, alleging that appellant was guilty of mental cruelty and abandonment. Mr. Stears reconvened and alleged that his wife had committed acts of mental cruelty.
After a year from the date of the parties' physical separation, Mrs. Stears supplemented her petition, alleging that she and her husband had not lived together in excess of one year and requesting that she be granted a divorce. She also requested that she be awarded permanent alimony.
At trial of this matter, appellant attempted unsuccessfully, to show both pre-separation and post-separation fault on the part of Mrs. Stears. In affirming the trial court's decision, we concur with its finding that Mrs. Stears was not at fault.
On appeal, Mr. Stears raises the issue that Mrs. Stears was at fault. At trial of this matter, he urged that she was guilty of mental cruelty by having accused him of being a bad husband and father. He further alleged that she was guilty of a romantic relationship beginning after their physical separation but before the final divorce. He argues that this relationship constituted fault such as to deprive her of the right to permanent alimony.
The word "fault" for purposes of the statute requiring freedom from fault on the part of the claimant as a prerequisite to an award of permanent alimony contemplates conduct or substantial acts of commission or omission by a spouse violative of his or her marital duties and responsibilities. La. Civil Code art. 160; Robichaux v. Robichaux, 525 So.2d 321 (La. App. 1st Cir.1988). In order to constitute fault sufficient to deprive a spouse of permanent alimony, the conduct must be of a serious nature and must be an independent, contributory cause of the separation. Wynn v. Wynn, 513 So.2d 489 (La.App. 2nd Cir.1987). Further, a spouse is not deprived of permanent alimony simply because he or she was not totally blameless in the marital discord, and he or she is not deprived of it by conduct which constitutes a reasonable response to the initial fault of the other party. Robichaux, 525 So.2d at 322; Wynn, 513 So.2d at 491. Additionally, fault for purposes of permanent alimony preclusion is only such conduct on the part of one spouse which would entitle the other spouse to a separation or divorce under La. Civil Code art. 138 and 139. Robichaux, 525 So.2d at 322.
*222 The evidence presented at trial regarding Mrs. Stears' alleged cruel treatment prior to their separation was minimal, consisting only of Mr. Stears' testimony that she had accused him of being a bad husband and father. Although she admitted that she indeed did believe him to be a poor husband and father, she denied ever having used those words. The evidence shows that her accusations were a response to his cruel treatment, which is clearly reflected throughout the record. We find no error in the trial court's conclusion that this conduct was not of the nature to constitute fault on the part of Mrs. Stears.
With regard to the alleged romantic relationship between Mrs. Stears and Charles Ray Landry, Mrs. Stears testified that she met Mr. Landry almost a year after her husband left the matrimonial domicile. She maintained that she and Mr. Landry were not involved in a romantic relationship, but were merely good friends. While she acknowledged that he sometimes stopped by her house five (5) times a week for supper, she insisted that she was not dating him. She also admitted to having taken two overnight trips with him in the company of family and/or friends, but denied ever having had a sexual relationship with him. Indeed, this testimony was corroborated by the testimony of both Mr. Landry and one of her traveling companions.
Although the testimony clearly indicated, and indeed Mrs. Stears and Mr. Landry admitted that they frequently kissed, it also indicated that these kisses were not romantic but in the nature of "greeting" kisses. Mrs. Stears and Mr. Landry both testified that they frequently kissed friends on the lips upon greeting them.
Under the circumstances of this case, we find no error in the trial court's conclusion that Mrs. Stears' conduct did not constitute fault. The facts in this case contrast sharply with those found in Boudreaux v. Boudreaux, 407 So.2d 1363 (La.App. 3rd Cir.1981), relied on herein by appellant, wherein the wife had continued a long-term, clandestine relationship with a married man which began prior to her physical separation from her husband and undoubtedly contributed to the separation and ultimate failure of the marriage. In Boudreaux, the husband voiced his objection to the relationship after their physical separation, to no avail. In the instant case, there is no evidence that Mr. Stears ever indicated any objection to Mrs. Stears' relationship to Mr. Landry. Further, this relationship did not begin until nearly a year after Mr. Stears abandoned the matrimonial domicile without cause and continuously refused Mrs. Stears' requests that he return. See Lewis v. Lewis, 446 So.2d 995 (La.App. 3rd Cir.1984).
The trial court is vested with a great deal of discretion in domestic cases and its finding of fact on the issue of fault will not be disturbed on appeal in the absence of manifest error. Robichaux, 525 So.2d at 322. In this case, we find no error in the trial court's finding that Mrs. Stears was free of fault. Costs of this appeal are to be borne by appellant, Mr. Stears.
AFFIRMED.
NOTES
[*] Judge Lewis S. Doherty, III, retired, is serving as judge pro tem by special appointment of the Louisiana Supreme Court to fill the vacancy created by the temporary appointment of Judge Melvin A. Shortess to the Supreme Court.