592 So.2d 508 (1991)
Bernadette HORNSBY
v.
Vincent HORNSBY.
No. 91-CA-649.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 1991.
On Rehearing February 14, 1992.
Sharon K. Hunter, New Orleans, for plaintiff, appellant.
Jerald N. Andry, Gilbert V. Andry, New Orleans, for defendant, appellee.
Before BOWES, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
This is a divorce case in which the court rendered judgment in favor of the husband and held that both parties were at fault. The wife appeals the finding of fault on her part.
Bernadette and Vincent Hornsby married in July, 1976 and had two children, a daughter and son 14 and 10 years of age, respectively, at time of trial. Mr. Hornsby moved out of the family home on July 10, 1989. On July 3, 1990, Mrs. Hornsby filed a petition for separation alleging cruel treatment, to which Mr. Hornsby filed a reconventional demand on August 27, 1990, seeking a divorce on the basis of living separate and apart without reconciliation for one year.
The case came to trial on April 4, 1991, on Mr. Hornsby's rule for specific visitation rights and Mrs. Hornsby's petition for separation; however, Mr. Hornsby had also filed a motion to set his reconventional demand for divorce. Counsel for Mrs. Hornsby acquiesced to having the divorce petition heard but said:
... We have no problems with the divorce, but for purposes of determining alimony, we believe that the merits of the separation has to be litigated and fault has to be determined. Therein, we have no problems with a divorce granted thereafter...."
At the conclusion of the trial the judge rendered a decree of divorce, finding both *509 at fault in the separation. This appeal followed.
Mrs. Hornsby contests the court's finding her at fault on two grounds: that the court erred in allowing any testimony on her fault over counsel's objection, since Mr. Hornsby had not alleged it; and that the evidence presented was insufficient for the court to find legal fault on her part.
Testimony Concerning Mrs. Hornsby's Fault.
Permanent alimony is available only when a spouse has not been at fault and has not sufficient means for support. LSA-C.C. art. 160 A(1).[1] The burden of proving freedom from fault falls upon the spouse claiming alimony.
In this case, the plaintiff called Mr. Hornsby as a witness; he admitted having kept food in his bedroom, having cursed his wife in front of others, and having insisted on her producing grocery receipts, because he suspected she was not spending the money he gave her on groceries. In the course of his testimony he stated that she had become overly involved with a fundamentalist church, turning off any radio music that was not gospel music as "devil music," refusing to go to parties with him, not letting him drink alcohol or smoke in the house, and hiding his car keys and wallet. He denied ever having struck her in front of others but admitted that he hit her when she hit first.
We find that the court correctly overruled plaintiff's counsel's objection to Mr. Hornsby's negative testimony concerning his wife. The claimant spouse has the burden of proving affirmatively her freedom from fault; however, the opposing spouse is entitled to rebut her claim, for example, of having been a dutiful wife "who has never given him any cause to mistreat her," as Mrs. Hornsby alleges. Vincent v. Vincent, 544 So.2d 544 (La.App. 5th Cir. 1989).
Mrs. Hornsby's Freedom From Legal Fault.
In Adams v. Adams, 389 So.2d 381, 382 (La.1980), the Supreme Court set out the criteria for finding freedom from fault on the part of a spouse claiming alimony under LSA-C.C. art. 160:
... In interpreting this requirement, this Court stated in Pearce v. Pearce, 348 So.2d 75, 77 (La.1977):
"We have held that, under this statute respecting an award of alimony to a wife without `fault', the word `fault' contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities. A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord.... To constitute fault, a wife's misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation...." [Citations omitted.]
Although not specifically mentioning C.C. art. 138(1)-(8), or C.C. art. 139 by name, this language clearly indicates that only such conduct as will entitle one spouse to a separation or divorce under these articles is sufficient to deprive the other spouse of alimony after a final divorce.
Article 138 was repealed by Acts 1990, No. 1009, § 2, effective January 1, 1991. The causes that would entitle a spouse to a separation included: adultery; habitual intemperance, excesses, cruel treatment, or outrages which rendered continued living together insupportable; and abandonment. We assume that these grounds continue to constitute "fault" which would deprive a spouse of alimony. In alimony matters, the trial court has much discretion in evaluating the evidence and its decision will be disturbed only if it is clearly wrong. Mabry v. Mabry, 522 So.2d 699 (La.App. 5th Cir.1988).
The trial court in this case gave her reasons for judgment from the bench. After stating that she found Mr. Hornsby guilty of cruel treatment, she said:

*510 ... But I also believe that she perhaps provoked him into many of the things that shethat he did. She took his keys and wallet. Apparently at one point in time, she hit him, she nagged him about religion, she also nagged him about music. And as a result of that, I am unable to find that she is free from fault.
Our review of the testimony indicates that the marriage had become unbearable to both parties and there was continuing discord. The husband was the only breadwinner except for a few occasions when Mrs. Hornsby had temporary part time jobs. He controlled the money very tightly, allowing her only $120 every two weeks to feed the family of four and keep the house going. He took that away when he suspected her of giving money to her church and posted a sign marked, "Obey." He explained that if she lived by the Bible she should obey her husband. He generally came home from work between 4:30 and 5:00 p.m. and according to Mrs. Hornsby insisted that dinner must be on the table the minute he arrived. He removed the distributor cap from her car when she had not lived up to his demands. She testified that his control created tension in her.
Her religious conversion created considerable friction between the two. She gave up dancing and listening to secular music, while he continually berated her for her involvement with the church. She urged him to go to church, but not to the extent described in the case of Daigle v. Breaux, 477 So.2d 798 (La.App. 5th Cir. 1985). Nagging or verbal abuse may constitute abuse, as in Tate v. Tate, 442 So.2d 1379 (La.App. 3rd Cir.1983) and Suhren v. Suhren, 505 So.2d 129 (La.App. 4th Cir. 1987). However, nagging is not equivalent to fault. Brewer v. Brewer, 573 So.2d 467 (La.1991). Mr. Hornsby's testimony indicates that his wife's nagging, irritating though it no doubt was, was not continuous or unprovoked. The fact that a spouse was not totally blameless in marital discord does not deprive her of the right to alimony. Vicknair v. Vicknair, 112 So.2d 702 (La.1959). Furthermore, a reasonably justifiable or natural response to the other spouse's fault is not fault sufficient to deprive a spouse of permanent alimony. Dean v. Dean, 579 So.2d 1124 (La.App. 2d Cir.1991).
Bearing in mind the much discretion accorded the trial court in alimony matters, we find that the trial judge was clearly wrong in finding the plaintiff to have been substantially at fault in the break-up of the marriage. Accordingly, the judgment appealed from is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED. ON REHEARING[1]
The appellant's application for rehearing has merit, as this court ruled only on the issue of Mrs. Hornsby's fault and a remand is unnecessary.
Accordingly, we amend our original opinion by deleting the last sentence of the last paragraph and restate it to read as follows:
"Accordingly, the judgment appealed from is reversed only insofar as it finds Bernadette Hornsby to have been at fault in the separation; in all other respects the judgment is affirmed."
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.
NOTES
[1] LSA-C.C. art. 160 was redesignated as article 112 by Acts 1990, No. 1008, § 8, and No. 1009, § 10.
[1] James L. Cannella, J., participated in the rehearing in place of Fred S. Bowes, Judge, recused.