607 So.2d 823 (1992)
Carlie BAXTER, Jr.
v.
Thelma J. BAXTER.
No. 91 CA 1407.
Court of Appeal of Louisiana, First Circuit.
October 16, 1992.
*824 Mark Alan Jolissaint, Slidell, for defendant-appellant Thelma J. Baxter.
Glenn P. Orgeron and Ashton R. O'Dwyer, Jr., New Orleans, for plaintiff-appellee.
Before CARTER, LANIER and LeBLANC, JJ.
CARTER, Judge.
This is an appeal from the portion of the trial court judgment of divorce finding the wife to be guilty of cruel treatment and thereby barring her claim for permanent alimony.

FACTS
Carlie and Thelma Baxter were married for over forty years. In February of 1988, Mr. Baxter moved out of their home, and the parties physically separated. In August of 1989, Mr. Baxter filed a petition for a divorce based upon living separate and apart without reconciliation for more than one year. Mrs. Baxter reconvened for a divorce on grounds of adultery. She also sought permanent alimony.
After a hearing on the merits, the trial court granted Mrs. Baxter a divorce based upon Mr. Baxter's adultery. However, the court found Mrs. Baxter to be guilty of *825 cruel treatment toward Mr. Baxter and barred her from receiving permanent alimony.
From this adverse judgment, Mrs. Baxter appeals raising the following issues:
1. Was the trial court finding that Mrs. Baxter was guilty of fault, specifically cruel treatment, in connection with the break-up of the marriage in error? Should this finding be reversed by this Court on appeal?
2. Was fault on the part of appellant proven, such as would justify a legal separation or bar her from claiming permanent alimony?
3. Was the evidence presented by the petitioner/defendant in reconvention Carlie Baxter, Jr. at trial sufficient to support the finding that appellant was guilty of legal fault?

ENTITLEMENT TO PERMANENT ALIMONY
In order to obtain alimony after a final divorce, the claimant spouse must be free of fault. LSA-C.C. art. 112. Fault in the generic sense cannot be equated with legal fault. Dean v. Dean, 579 So.2d 1124, 1128 (La.App. 2nd Cir.), writ denied, 584 So.2d 683 (La.1991). As used in LSA-C.C. art. 112, the word "fault" contemplates conduct or substantial acts of commission or omission by the claimant spouse violative of marital duties and responsibilities. Pearce v. Pearce, 348 So.2d 75, 77 (La. 1977); Stears v. Stears, 569 So.2d 220, 221 (La.App. 1st Cir.1990). A spouse is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord. Adams v. Adams, 389 So.2d 381, 383 (La.1980). Nor is she deprived of permanent alimony by conduct which constitutes a reasonable response to the initial fault of the other party. Stears v. Stears, 569 So.2d at 221; Oliver v. Oliver, 393 So.2d 192, 194 (La.App. 1st Cir. 1980), writ denied, 397 So.2d 1358 (La. 1981), overruled on other grounds by Wasson v. Wasson, 439 So.2d 1208, 1212 (La. App. 1st Cir.), writ denied, 443 So.2d 592 (La.1983). See also Hornsby v. Hornsby, 592 So.2d 508, 510 (La.App. 5th Cir.1991), writ denied, 597 So.2d 1030 (La.1992); Dean v. Dean, 579 So.2d at 1128; Green v. Green, 567 So.2d 139, 144 (La.App. 2nd Cir.1990); Thibodeaux v. Thibodeaux, 525 So.2d 69, 71 (La.App. 3rd Cir.1988).
To constitute fault sufficient to deprive a spouse of permanent alimony, the spouse's misconduct must not only be of a serious nature, but it must also be an independent contributory or proximate cause of the separation. Adams v. Adams, 389 So.2d at 383; Pearce v. Pearce, 348 So.2d at 77; Hornsby v. Hornsby, 592 So.2d at 509; Stears v. Stears, 569 So.2d at 221. See also Brewer v. Brewer, 573 So.2d 467, 469 (La.1991).
In the instant case, the trial judge determined that Mrs. Baxter was at fault in that she was guilty of cruel treatment. A finding of cruelty requires two factual analyses. First, the trial court must determine whether the objective factual conduct that is allegedly cruel actually occurred. Second, if it finds that the conduct did occur, the court must subjectively determine whether that conduct rendered the parties' living together insupportable. Yamayans v. Yamayans, 490 So.2d 371, 373 (La.App. 1st Cir.1986). As a general rule, acts of jealousy and accusations alone will not constitute cruel treatment under law. Wester v. Wester, 564 So.2d 799, 802 (La. App. 3rd Cir.), writ denied, 568 So.2d 1066 (La.1990). See Adams v. Adams, 389 So.2d at 383; Batiste v. Batiste, 548 So.2d 14, 17 (La.App. 5th Cir.1989).
In the instant case, the parties first separated in August of 1986 when Mr. Baxter admitted to having an affair with a female co-worker. The Baxters lived together for part of 1987, but separated again in February of 1988.
Mr. Baxter contended he left his wife because she nagged him and frequently started arguments at breakfast over his past transgressions. However, he conceded that, after the separation, he told his wife that their past together had been good and that he did not blame her for being angry with him. He also admitted that in May of 1989 he and the woman with whom he was engaged in an affair purchased a house and moved in together.
*826 Mrs. Baxter testified that, after their reconciliation, she and her husband had discussions rather than arguments and that Mr. Baxter was the one who brought up the subject of the other woman. She stated, in these conversations, Mr. Baxter praised the other woman to her in glowing terms.
The parties' two adult daughters, Lisa Pouncy and Lynn Ishie, testified that they frequently visited their parents after they reunited in 1986 and that they never saw their parents argue. Ms. Pouncy testified her father always complimented her mother and said that she was a good wife. She stated that, even after the separation in 1988, her father told her that her mother is a wonderful person.
Considering the testimony, we conclude the trial court was manifestly erroneous in finding that Mrs. Baxter was guilty of cruel treatment. The only evidence offered by Mr. Baxter was his own testimony. The uncorroborated testimony of one spouse, whether admitted or denied by the other, is not sufficient to carry his burden of proving cruel treatment by a preponderance of the evidence. See Yamayans v. Yamayans, 490 So.2d at 373. This is particularly true where, as here, the contradictory testimony of the other spouse is supported by that of other witnesses who are not parties to the suit. Ryan v. Ryan, 422 So.2d 239, 241 (La.App. 4th Cir.1982).

CONCLUSION
Accordingly, the finding of the trial court that Mrs. Baxter was guilty of cruel treatment is reversed, and the matter is remanded to the trial court for a determination of the amount of permanent alimony to which Mrs. Baxter is entitled. In all other respects, the judgment is affirmed. Costs are to be paid by Mr. Baxter.
REVERSED AND REMANDED.