JaSHORTESS, Judge.
According to Darlene Marie Guidry Bruce (plaintiff), her husband Adam Joseph Bruce, Sr. (defendant), admitted, when she confronted him after receiving an anonymous telephone call, that he and Jackie Guidry[1] had an affair, but it was over. Defendant then *662 spent the night at Guidry’s trailer. A few days later, according to plaintiff and her adult daughter, defendant called plaintiff from Guidry’s trailer, gave the phone to Gui-dry, and stood by while Guidry berated plaintiff and told her she and defendant had an ongoing affair that lasted for fifteen months. Plaintiff then refused to permit defendant to return to the matrimonial domicile. The sole issue before this court is whether plaintiff’s refusal to permit defendant to return home constitutes fault sufficient to bar an award of permanent alimony.
Plaintiff sued for divorce under Louisiana Civil Code article 103(2), alleging defendant had committed adultery with Guidry. In the alternative, she asked for a divorce under Civil Code article 102 based on their living separate and apart for 180 days after service of the petition for divorce. Defendant answered, denied plaintiffs allegations, and reconvened for an article 102 divorce. He later amended the reconventional demand to request a divorce under Civil Code article 103 based on their living separate and apart for more than six months. Plaintiff then answered the reconventional demand and asked for an award of permanent alimony.
After trial on the opposing article 103 divorce claims[2] and the permanent-alimony issue, the trial court rendered judgment dismissing plaintiffs petition for divorce based on adultery, granting a judgment in favor of defendant for divorce based on living six months separate and apart, and awarding plaintiff permanent alimony. Defendant appeals only the portion of the judgment awarding permanent alimony.
FACTUAL BACKGROUND
Plaintiff and defendant were married in 1972. Defendant is a utility-boat captain who, while working, is gone from home for many months at a time. Plaintiff has a seventh-grade education. She has never worked outside the home. During |3their entire marriage, plaintiff has taken care of the couple’s financial affairs, run the household, and eared for their three children. At the time this suit was filed in 1995, their children were ages 21,16, and 2. Their oldest child, Melissa Bruce Serigny, was married shortly before the parties separated.
Defendant admitted he had one affair during his marriage, about ten years before the separation. He contends that after that affair, plaintiff was extremely jealous and constantly accused him of having other affairs. Plaintiff testified that in July 1995 she received an anonymous telephone call advising her defendant was having an affair with Jackie Guidry. When defendant returned home, she confronted him about the telephone call. She testified he initially denied the affair (and even denied knowing Guidry) but then admitted he and Guidry had an affair that ended three months earlier. Defendant told plaintiff he was going to his mother’s house. Instead, he went to Gui-dry’s trader, where, according to defendant, he spent two nights. He then came home and spent the night there before leaving for work.
On his way back to work, defendant stopped at Guidry’s trailer. According to Serigny, defendant called home from Gui-dry’s. Serigny spoke to him, and then Gui-dry took the phone and began talking to plaintiff. Serigny listened on an extension phone. Guidry acknowledged speaking to plaintiff on the telephone, but she contends her only purpose was to tell plaintiff to stop harassing her. According to plaintiff and Serigny, however, Guidry told plaintiff she and defendant had an on-going affair which lasted fifteen months. Plaintiff and Serigny testified Guidry accused her of neglecting her children, gambling, and mismanaging the family finances. After that phone call, plaintiff packed defendant’s clothes and put them in his pickup truck. When he came back from work in October, she refused to allow him to return to the family home.
Defendant then moved into Guidry’s trailer, where he still resided at the time of trial, eight months later. He testified he was renting Guidry’s spare bedroom, but he admitted he had never paid her rent. Defendant testified he had known Guidry for thirty years and they were old friends. He stated she visited him on the boat when he was working *663 and spent the night, but they both denied a sexual relationship. Serigny testified defendant told her Guidry was his girlfriend, and he ^wanted his children to like Guidry “just like [their] own mother.” Carmen Bruce, the wife of defendant’s cousin, stated defendant told her “he didn’t know what he was going to do because he wanted both” plaintiff and Guidry.
LAW AND ANALYSIS
Permanent alimony is appropriate under Civil Code article 112(A)(1) when “a spouse has not been at fault and has not sufficient means for support....” Because the Civil Code does not specify the type of fault which would deny permanent alimony, we must be guided by prior jurisprudence.[3] The case law describes legal fault as serious misconduct that is an independent contributory or proximate cause of the marriage’s dissolution.[4]
A spouse need not be totally blameless, however, to receive permanent alimony.[5] As our supreme court noted in Brewer v. Brewer,[6] “[i]n this imperfect world, all spouses have faults, and a spouse need not be perfect to be free from legal fault.” Conduct that constitutes a reasonable response to the initial fault or provocative acts of the other party will not deprive a spouse of permanent alimony.[7]
Defendant contends he is “one hundred percent free from fault in the breakup of this marriage.” He further contends plaintiff was not justified in refusing to permit him to return to the matrimonial domicile because she could not prove at trial that he committed adultery with Guidry.[8] He alleges she was thus guilty of the alimony-barring fault of constructive abandonment.
Because domestic-relations issues turn largely on evaluations of witness credibility, appellate courts recognize and give much deference to the trial court’s discretion.[9] Fault is a factual finding which will not be disturbed on appeal.[10] The trial court found plaintiff was free from fault, stating there was no evidence any of |sher behavior would constitute legal fault. It obviously found her and Serigny’s testimony credible.
Plaintiff was not guilty of constructive abandonment if she ordered defendant to leave the matrimonial domicile for grounds that would have been a basis for a suit for separation under former Civil Code article 138.[11] Among those grounds was cruel treatment that rendered the parties’ living together insupportable.[12] In our opinion, the conduct of defendant in spending the night with his alleged paramour immediately after admitting to an affair with her, and then in standing by while she berated his wife over the telephone and told her of an ongoing affair, is cruel treatment that rendered their living together insupportable.
In Allen v. Allen,[13] the supreme court held that the husband’s association with another woman, where adultery was implied but not proven, caused the breakup of that marriage. The court noted:
An association which implies adultery naturally brings on marital discord. A spouse who perceives infidelity may become quarrelsome or hostile. Such a reasonable reaction does not constitute legal *664 fault. The suspicion of adultery causes the break-up and not the reaction. A spouse who reacts should not be precluded from receiving alimony solely because of his or her response.[14]
The trial court cited Allen in its oral reasons for judgment, stating:
For the purposes of [plaintiffs] reaction it is really immaterial whether or not [defendant] and Ms. Guidry are actually having a sexual relationship or not. Certainly, [defendant’s] denial of a sexual relationship is not supported by the fact that immediately after the confrontation he spends the next two nights at Ms. Guidry’s house, which doesn’t mean that they were having a sexual relationship but it certainly supports [plaintiffs] suspicions that they had a relationship, not necessarily a sexual relationship. But as the Supreme Court noted in the Allen case, an association by a married man with another woman certainly can provoke nothing but marital disc[o]rd. It generally doesn’t make for happy chats around the radio on Saturday night.
Considering the totality of the evidence in this case, we find no manifest error in the trial court’s finding that plaintiff was free from alimony-barring fault. Plaintiff had lawful cause to prevent defendant from entering the matrimonial domicile; she thus did not constructively abandon him.[15] The breakup of the marriage was Igcaused not by her actions, but by defendant’s association with Guidry under circumstances which implied adultery.
CONCLUSION
For the foregoing reasons, the judgment of the trial court awarding permanent alimony to Darlene Marie Guidry Bruce is affirmed. Defendant is cast for all costs of this appeal.
AFFIRMED.

. Jackie Guidry is divorced. She is also referred to in the record as “Jackie Cheramie,” which was her married name.

. The article 102 divorce claims were never heard.

. Allen v. Allen, 94-1090, p. 8 (La.12/12/94), 648 So.2d 359, 362.

. Allen, 94-1090, p. 9, 648 So.2d at 362; Baxter v. Baxter, 607 So.2d 823, 825 (La.App. 1st Cir.1992).

. Adams v. Adams, 389 So.2d 381, 383 (La.1980); Baxter, 607 So.2d at 825.

. 573 So.2d 467, 469 (La.1991).

. Allen, 94-1090, p. 9, 648 So.2d at 362; Guillory v. Guillory, 626 So.2d 826, 829 (La.App. 2d Cir.1993); Baxter, 607 So.2d at 825.

. We note that proof of adultery sufficient to support an article 103 divorce is an onerous burden when there is only circumstantial evidence. See Sibley v. Sibley, 96-1544, p. 2 (La.App. 1st Cir. 5/9/97), 693 So.2d 1270.

. Guillory, 626 So.2d at 829.

. Pearce v. Pearce, 348 So.2d 75, 77 (La.1977).

. See Dugas v. Dugas, 424 So.2d 1189, 1191 (La.App. 1st Cir.1982).

. See Baxter, 607 So.2d at 825.

. 94-1090, p. 9, 648 So.2d at 362.

. Id.

. See Guillory, 626 So.2d at 830.