718 So.2d 1073 (1998)
John J. ALMON, Jr.
v.
Kathye Maria Caporale ALMON.
No. 97 CA 2004.
Court of Appeal of Louisiana, First Circuit.
September 25, 1998.
*1075 David L. Thornhill, Slidell, for Plaintiff-Appellant.
Mary Grace Knapp, Covington, for Defendant-Appellee.
Before SHORTESS, C.J., and CARTER and WHIPPLE, JJ.
SHORTESS, Chief Judge.
This is an appeal from an award of alimony pendente lite and permanent alimony.
On November 15, 1995, John J. Almon (plaintiff) filed for divorce against his wife Kathye Maria Caporale Almon (defendant) pursuant to Louisiana Civil Code article 102, based on their living separate and apart.[1] On November 17, 1995, defendant filed a rule for, among other things, alimony pendente lite and permanent alimony.[2] On August 21, 1996, a judgment of divorce was granted. A hearing determining fault was held on February 27, 1997. A judgment was granted providing for child support, alimony pendente lite in the amount of $700.00 per month retroactive to the date of the filing of the rule requesting it, and permanent alimony in the amount of $600.00 per month retroactive to the date of the hearing.[3]
Defendant appeals contending that the trial court's award of alimony pendente lite was excessive and not supported by the facts of this case, and that the court erred in awarding alimony pendente lite subsequent to the date the marriage was terminated by divorce. Defendant contends the trial court's finding that plaintiff was free from fault was contrary to the facts of this case, and thus the award of permanent alimony should be reversed. Alternatively, defendant contends the trial court's award of permanent alimony was excessive and should be reduced.

ALIMONY PENDENTE LITE
Civil Code article 111 provides for alimony pendente lite as follows:
If the spouse has not a sufficient income for maintenance pending suit for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse.[4]
In Brazan v. Brazan,[5] we held the purpose of alimony pendente lite is to provide support temporarily, pending litigation, for the spouse who does not have sufficient income for his or her maintenance. Alimony pendente lite is designed to maintain the status quo insofar as the economic circumstances of the marriage are concerned.[6] The courts have held "[a] spouse who seeks alimony pendente lite must prove that he has `insufficient income for maintenance.' A spouse demonstrates a need for alimony pendente lite if he establishes that he lacks sufficient income to sustain the style or standard of living that he enjoyed while he resided with the other spouse."[7] However, the amount of the alimony pendente lite is left *1076 largely within the sound discretion of the trial court and will not be disturbed on review in absence of clear abuse of that discretion.[8]

Excessive Amount Awarded
Plaintiff contends the award of alimony pendente lite was excessive and should be reduced. He contends various items listed in defendant's affidavit of income and expenses are for debts that do not constitute the needs of the defendant, exclusively. Plaintiff takes issue with defendant's monthly expenses of $125.00 for the car note of the parties' major daughter, $200.00 for their minor child's ongoing therapy, and $250.00 for automobile and house repairs. Plaintiff maintains the amount for their minor daughter's therapy should have been included in child support, and the total balance for the therapy was only $600.00 rather than a continuous debt. In addition, plaintiff asserts the amount for house and automobile repairs is an inflated value, caused by a one-time repair to the fence surrounding the house, which cost $654.00.
The trial court found plaintiff's adjusted monthly income was $2,567.00, and he contributes to a retirement program and receives yearly increases in his salary. The court also found defendant's adjusted monthly income was $908.20. From this amount defendant pays her medical insurance of $186.00 monthly.
After excluding the amounts listed above that plaintiff has contested, defendant's monthly expenses still exceed her monthly income considerably. Defendant's expenses for housing, utilities, automobile and medical insurance, food and household supplies, and transportation are over $1,700.00 per month. Therefore, it is apparent by these figures alone defendant establishes she has insufficient income for maintenance.
Plaintiff also asserts his net monthly expenses are only $10.00 less than his monthly income, thus, the award of $700.00 per month for alimony pendente lite is not proportionate to his means. However, after subtracting plaintiff's listed expenses (excluding the amount of the mortgage) from his adjusted monthly income found by the trial court, we find plaintiff has sufficient means for the amount awarded.
In Wascom v. Wascom, the supreme court stated, "alimony pendente lite is based on the statutorily imposed duty of the spouses to support each other during [the pendency of their] marriage."[9] As stated above, its purpose is to maintain the status quo. Based upon the figures stated above, we find the trial court's award of $700.00 per month in alimony pendente lite was not excessive.

Alimony Pendente Lite's Award Duration
Plaintiff further contends the trial court erred in awarding alimony pendente lite beyond the final date of the divorce judgment and committed manifest error.
Previously, this court held alimony pendente lite did not terminate upon the rendering of a judgment of divorce where the issue of fault either had not been determined or was pending on appeal at the time of the rendering of the divorce judgment.[10] However, on April 8, 1997, three days before the judgment in this case was signed,[11] the supreme court held in Wascom v. Wascom: "Alimony pendente lite ... may not be awarded for any period after the rendition of a final judgment of divorce because the divorce terminates the marriage and, along with it, the obligation of mutual support underlying the concept of alimony pendente lite."[12]
The trial court awarded alimony pendente lite retroactive to the date of filing on *1077 November 17, 1995. However, permanent alimony was ordered retroactive to the date of the hearing determining fault on February 27, 1997. The judgment does not state when alimony pendente lite terminates. However, according to Wascom, it would end on August 21, 1996, the date of the final judgment of divorce. Wascom is controlling since appellate courts are bound to use the law in existence at the time of the decision. In Segura v. Frank,[13] the supreme court stated as follows:
[A]n appellate court is bound to adjudge a case before it in accordance with the law existing at the time of its decision. Where the law has changed during the pendency of a suit and retroactive application of the new law is permissible, the new law applies on appeal even though it requires reversal of a trial court judgment which was correct under the law in effect at the time it was rendered.
(Cites omitted.) Wascom is interpretive law and should be applied retroactively.
Defendant cites Civil Code article 111, which the legislature revised in the 1997 legislative session under Act 1078. This provision currently allows for "interim support."[14] However, the adoption of interim support was a substantive change to the law, which cannot be applied retroactively.[15] Therefore, Wascom is the controlling law and alimony pendente lite terminated as of August 21, 1996.

PERMANENT ALIMONY
According to Civil Code article 112, a spouse requesting permanent alimony must be without fault.[16] The burden of proving freedom of fault is upon the claimant.[17] To constitute fault sufficient to deprive a spouse of permanent alimony, the spouse's misconduct must not only be of a serious nature, but it must also be an independent, contributory, or proximate cause of the separation.[18] As with any factual finding, a trial court's findings of fact relative to the issue of fault in domestic cases are entitled to great weight and will not be overturned on appeal absent manifest error.[19]

Fault Determination
Plaintiff contends the trial court erred in finding defendant free from fault. Plaintiff asserts the trial court did not address defendant's physical violence, cruel treatment and outrages toward him, which made living together insupportable with her harassment of him at home and work.
Plaintiff and defendant's marriage was not "picture perfect." As stated by the trial court during the hearing, "They had a stormy relationship and they liked it that way because they both stayed there and lived in it and participated in it...." This marriage went on for thirty years. Therefore, the incidents about which plaintiff testified where defendant locked him out of the bedroom from time to time and screamed at him basically described the type of marriage they had for thirty years. However, defendant and the parties' daughter testified that plaintiff was abusive physically and verbally. Defendant even introduced pictures showing bruises she sustained from plaintiff's abuse *1078 and police affidavits she filed after his abusive bouts.
The court has held a spouse need not be totally blameless to receive permanent alimony.[20] In this imperfect world, all spouses have faults, and a spouse need not be perfect to be free from legal fault.[21] Based upon the evidence and testimony of the parties, we find the trial court was not manifestly erroneous in finding defendant free from fault.

Excessive Amount Awarded
Plaintiff contends the amount awarded defendant in permanent alimony was excessive. Plaintiff found the maximum total amount of defendant's expenses that should have been considered by the court was $2,220.00. However, he maintains this amount should be reduced by one-half because half of the expenses are attributable to their minor daughter, which is covered by child support.
The law does not state that a spouse with children living with her/him is entitled only to a portion of the amount of the expenses in the household because of the children. The entire mortgage payment, along with utilities and other expenses, occur regardless if the children are in the home or not. This argument lacks merit.
Furthermore, plaintiff asserts defendant is voluntarily underemployed by working at a department store. Defendant testified during the majority of the parties' thirty years of marriage she was not employed. She is nearly fifty years old. She only began working at the department store a few months before plaintiff left the home permanently and filed for divorce. Therefore, her job skills are limited. Also, she has a teenage daughter to supervise.
The trial court found:
The monthly income of Mr. Almon is much greater than that of Mrs. Almon, and he has control of the marital assets, including a substantial retirement fund. The expenses of both parties do not seem excessive in view of the fact that one household consists [of] Mr. Almon, and the other household contains Mrs. Almon and a minor child. Mrs. Almon, at her age and with her medical problems, is not likely to obtain a more lucrative job in the near future. She is entitled to the reasonable expenses to procure the basic necessities of life, such as food, clothing, and shelter, but also her automobile expenses, medical expenses, and utilities and other household expenses.
Based upon the evidence, we find the award of $600.00 in permanent alimony was not excessive.

CONCLUSION
For the foregoing reasons, the judgment of the trial court (1) awarding defendant alimony pendente lite in the sum of $700.00 per month retroactive to the date of filing of the alimony pendente lite rule on November 17, 1995, (2) finding defendant free from fault, and (3) awarding defendant permanent alimony in the amount of $600.00 per month retroactive to the date of the hearing on February 27, 1997 is affirmed. The judgment is amended to terminate alimony pendente lite as of the date of the final judgment of divorce August 21, 1996. Plaintiff is cast with all costs.
AMENDED IN PART, AND AS AMENDED, AFFIRMED.
NOTES
[1] At the time suit was filed, Louisiana Civil Code article 102 provided, in pertinent part:

A divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that one hundred eighty days have elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously for at least one hundred eighty days prior to the filing of the rule to show cause.
[2] Defendant's rule was also for custody, child support, use of the family home, and injunctions.
[3] The trial court also found plaintiff was at fault in the marriage breakup and defendant was free from fault. Plaintiff was given credit for the child support and alimony pendente lite he previously paid.
[4] Article 111 has been since amended, but at the time suit was filed it provided the above.
[5] 93-2369, p. 7 (La.App. 1st Cir. 6/24/94), 638 So.2d 1176, 1181.
[6] Brazan, 93-2369, pp. 7-8, 638 So.2d at 1181.
[7] January v. January, 94-882, p. 3 (La.App. 3d Cir. 2/1/95), 649 So.2d 1133, 1136 (cites omitted).
[8] Brazan, 93-2369, p. 8, 638 So.2d at 1181.
[9] 96-0125, p. 4 (La.4/08/97), 691 So.2d 678, 681, citing McAlpine v. McAlpine, 94-1594, p. 9 (La.9/05/96), 679 So.2d 85, 90.
[10] Wilson v. Brittain, 640 So.2d 261 (La.App. 1st Cir. 1993).
[11] The trial court gave oral reasons for judgment on March 13, 1997. However, the amended written judgment was not signed until April 11, 1997 (the judgment was amended because initially the amount for alimony pendente lite in the written judgment was not consistent with the oral reasons).
[12] Wascom, 96-0125 p. 7, 691 So.2d at 683.
[13] Id., 93-1271, pp. 15-16 (La. 1/14/94), 630 So.2d 714, 725.
[14] Civil Code article 111 currently provides:

In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party free from fault prior to the filing of a proceeding to terminate the marriage, based on the needs of that party and the ability of the other party to pay, in accordance with the following Articles.
[15] See La.C.C. art. 6.
[16] At the time suit was filed, Civil Code article 112(A)(1) provided in pertinent part:

When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income.
[17] Michelli v. Michelli, 93-2128, p. 13 (La.App. 1st Cir. 5/5/95), 655 So.2d 1342, 1350.
[18] Baxter v. Baxter, 607 So.2d 823, 825 (La.App. 1st Cir.1992); Michelli, 93-2128 p. 13, 655 So.2d at 1350.
[19] Michelli, 92-2128 at p. 13, 655 So.2d at 1350.
[20] Bruce v. Bruce, 96-1973, p. 4 (La.App. 1st Cir. 6/20/97), 696 So.2d 661, 663.
[21] Brewer v. Brewer, 573 So.2d 467, 469 (La. 1991).