THERIOT, J.
Ijn this divorce case, the wife appeals a trial court judgment denying her request for final periodic support. We affirm.
FACTS AND PROCEDURAL HISTORY
William Flory Cauthron and Marlene Yancovich Cauthron were married on November 17,1986, and resided in Livingston Parish for the duration of their marriage. Both Mr. and Mrs. Cauthron had children from previous marriages, but no children were born of their marriage. Mr. Cau-thron later filed a petition for divorce on October 6, 2010. Mrs. Cauthron answered the petition for divorce, alleging that she was free from fault in the breakup of the marriage and requesting both interim and final spousal support. The parties were divorced on July 26, 2011.
Although Mr. Cauthron paid Mrs. Cau-thron interim spousal support pursuant to a consent judgment, he disputed Mrs. Cau-thron’s claims that she was free from fault in the breakup of the marriage and was entitled to final periodic support. A bench trial was held on Mrs. Cauthron’s claim for final periodic support on February 23, 2012. At the trial, Mrs. Cauthron offered only her own testimony on the issue of fault. After the close of Mrs. Cauthron’s case, the court granted an involuntary dismissal, denying Mrs. Cauthron’s claim for final periodic support on the grounds that she failed to prove that she was free from fault in the breakup of the marriage. Mrs. Cauthron appealed, alleging that the court erred in finding that she was at fault and that her fault led to the dissolution of the marriage.
DISCUSSION
Louisiana Civil Code article 112 provides that the court may award final periodic support to a spouse who has not been at fault and is in need of support. The burden of proving freedom from fault is upon the claimant. Almon v. Almon, 97-2004 (La.App. 1 Cir. 09/25/98), 718 So.2d 1073, 1077. To constitute fault sufficient to deprive a spouse of final periodic support, the spouse’s misconduct must not only be of a serious nature, but it must also be an independent, contributory, or proximate cause of the separation. Id. Such acts are synonymous with the fault grounds that previously entitled a spouse to a separation or divorce, ie., adultery,
*234 conviction of a felony, habitual intemperance or excesses, cruel treatment or outrages, public defamation, abandonment, an attempt on the other’s life, status as a fugitive, and intentional non-support. Mayes v. Mayes, 98-2228 (La.App. 1 Cir. 11/5/99), 743 So.2d 1257, 1259-60. As with any factual finding, a trial court’s findings of fact relative to the issue of fault in domestic cases are entitled to great weight and will not be overturned on appeal absent manifest error. Mayes, 743 So.2d at 1259.
At the close of Mrs. Cauthron’s case, Mr. Cauthron moved for an involuntary dismissal of her claim for final periodic support in accordance with La. C.C.P. art. 1672(B), which provides:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
The court granted the involuntary dismissal, finding that Mrs, Cauthron was guilty of cruel treatment which caused the breakup of the marriage. On appeal, Mrs. Cauthron alleges that the court erred in granting the involuntary dismissal because there was no evidence offered to support the court’s factual conclusions that she was guilty of cruel treatment and that her cruel treatment of her husband caused the marriage to fail.
14A dismissal based on La. C.C.P. art. 1672(B) should not be reversed in the absence of manifest error. McCurdy v. Ault, 94-1449 (La.App. 1 Cir. 4/7/95), 654 So.2d 716, 720 unit denied, 95-1712 (La.10/13/95), 661 So.2d 498.
Although the only testimony offered on the issue of fault was Mrs. Cau-thron’s, she had the burden of proving that she was free from fault, and there was sufficient support for the court’s conclusion in her testimony on cross-examination. Mrs. Cauthron admitted on cross-examination that her husband was concerned with her misuse of prescription drugs; that she criticized her husband in front of his friends; that she slept in a separate bedroom from her husband; that her heavy smoking had resulted in cigarette burns on their furniture and floors; and that she had been arrested for damaging their neighbors’ plants and surveillance equipment as part of an ongoing feud with the neighbors. Mrs. Cauthron also admitted that she did not accompany her husband to the hospital for a heart catheterization because she was babysitting her young grandson. Furthermore, when Mr. Cau-thron was hospitalized in 2010 for an ulcerated toe and doctors were considering amputation, she admitted that she just dropped him off at the hospital rather than staying with him. Although she did visit him in the hospital during this three or four day stay, she brought her young grandson with her so she could babysit him. Finally, immediately prior to filing for divorce, Mr. Cauthron travelled to Mexico to. have gastric bypass surgery in an effort to get his weight and diabetes under control. Although he asked his wife to accompany him for the surgery, she chose not to go with him because she needed to babysit her grandson. Within days of returning from Mexico, Mr. Cau-thron filed for divorce.
1 BThe court concluded that Mrs. Cau-thron was guilty of cruel treatment of her *235 husband because her “cavalier attitude towards his health” was an “absolute sign that she didn’t care,” and her refusal to accompany him to Mexico for surgery was the “final straw” that led to the dissolution of the marriage. Given the evidence before the court, we cannot say that the court’s findings were manifestly erroneous. Because Mrs. Cauthron failed to carry her burden of proving that she was free from fault in the breakup of the marriage, the court did not err in granting the involuntary dismissal of her claim for final periodic support.
CONCLUSION
The judgment denying Mrs. Cauthron’s claim for final periodic support is affirmed. Costs of this appeal are to be borne by the appellant, Marlene Yancovich Cauthron.
AFFIRMED.